HEARD NOVEMBER TERM, 1878.

CASE No. 733.

CHESLEY D. EVANS v. JOHN D. McLUCAS AND WILLIAM J. DICKSON.

1. A prior encumbrancer is not a necessary party to a suit for foreclosure.
2. Objections for defect of parties not taken by answer or demurrer are waived. *Code,* ₴ 171.
3. It is settled in this state that the general covenant of warranty in a deed of bargain and sale, since the act of 1795, includes the various covenants in use in conveyances of land prior to that time.
4. Where defendant neither alleges nor proves damage to himself from outstanding prior encumbrances on land, he is not entitled to have a deduction on account of such encumbrances, in a suit upon the bond given for the purchase money.

Before TOWNSEND, J., at Marion, May, 1876.

In this case Hon. W. H. Wallace, Circuit judge, sat in the place of Associate Justice McIver, who had been of counsel in the cause.

The Circuit decree sets out all matters necessary to a full understanding of this case.

It is as follows:

This is an action for the foreclosure of a mortgage. In the complaint it is alleged that the bond was executed by the defendants on or about the 1st day of January, 1870, conditioned for the payment of $2500 in two equal annual installments, with interest payable annually, from the 1st day of January, 1870; that the defendants, at the same time, to secure, the payment of said bond, executed a mortgage to the plaintiff of a certain tract of land, containing eighty-three and three-tenths acres; that on the 27th day of February, 1870, the bond and mortgage were consumed by a fire which destroyed the office of the plaintiff; that the condition of the bond and mortgage has been broken, and there is now due upon the bond the principal sum and interest, less a credit of an amount between $900 and $1000 paid by the defendant, McLucas, to Durham & Co. for the plaintiff on

the 1st day of January, 1871. The answer of the defendants admits the execution of the bond and mortgage, their destruction by fire, the fact of non-payment, the correctness of the credit to which the bond is entitled by reason of payments to S. A. Durham & Co. for the plaintiff, and feebly denies the correctness of the amount of principal and interest claimed in the complaint. The answer further alleges that the bond in question was given for the purchase money of the tract of land described in the mortgage. The various defences set up in the answer are:

1. That in March, 1866, the plaintiff executed a mortgage for the same tract of land described in the complaint to A. L. Evans, then commissioner in equity, to secure the payment of a bond then given to him for the purchase money, and that the bond is now unsatisfied and the mortgage effective, and that the owners of the same should be made parties to these proceedings before it is competent for the court to grant any orders directing a foreclosure and sale.

2. That at the time of the execution of the bond and mortgage by the defendants to the plaintiff, and the sale of the land, there were various judgments against the plaintiff, obtained at different times, and that others have been rendered since, none of which have been satisfied, but are now liens upon the land; that of the existence of any binding judgments at the time of the purchase of the land by them they had no knowledge or actual notice, and confiding in the plaintiff they made no inquiries or investigation; and that the holders of all the judgments, both prior and subsequent in date to the sale, should be made parties to these proceedings before a judgment of foreclosure can be rendered.

3. That when the trade with the plaintiff was made, it was done with the express condition and understanding that the plaintiff would remove the mortgage which he had given to A. L. Evans, and that he has not done the same, and his mortgage ought not to be foreclosed until this condition is complied with.

4. The proposition of law is here submitted, that all the plaintiff can properly claim is rent for the tract of land for the time it has been in their possession, and that the defendants are willing, under all the circumstances, to pay rent, if it is dis-

counted against the claim for amount paid by McLucas to Durham & Co. for the plaintiff.

At the hearing of this case, a motion was submitted by the plaintiff's counsel for judgment on the pleadings. The decision of this question was reserved by the court, and testimony was heard. As to the first defence, the defendants proved that they had express notice of the existence of the mortgage given to A. L. Evans before the purchase of the land and the execution of their mortgage, but stated that there was an express agreement that the plaintiff was to remove this mortgage by payment. There was no evidence that A. L. Evans was any party to or had any knowledge of this agreement.

The deed from the plaintiff to the defendants contained the usual clause of warranty. The case of *Barkley* v. *Barkley,* 14 *Rich. Eq.,* decides that a valuable agreement of this kind can be specifically enforced in the courts by the vendee against the vendor, but does not hold that the holder of the prior encumbrance, which it was agreed should be removed, is to be affected in any way in his rights. The existence of the agreement, then, does not entitle the defendants to the right in equity to have A. L. Evans made a party to this proceeding. His mortgage was on record within the time prescribed; and besides, the defendants had express notice of its existence. They purchased the land, subject to the lien of the mortgage. A. L. Evans was no party to the alleged agreement. The defendants cannot, therefore, claim adversely to him. It seems they relied exclusively upon the integrity of the plaintiff and his warranty for protection against the prior encumbrance. What benefit will it be to them to make A. L. Evans a party to the proceeding? He does not seek to become a party. The respondents have their remedy on the agreement against the plaintiff, or can recover for breach of warranty.

There are prior judgment creditors who have a lien upon the land, with the exception, perhaps, of two of them, whose judgments may be satisfied by lapse of time. They are not seeking to be made parties. Of these judgments the defendants had constructive notice when they purchased the land. How is it to enure to their advantage to have the prior judgment creditors

made parties to the proceedings, I cannot see. They have been wanting in diligence in making inquiries about encumbrances, and must bear the legal consequences. As to subsequent judgment creditors, I can see no advantage to result to these defendants from making them parties.

But, it is urged, it is the practice of this court to make prior and subsequent encumbrancers parties to proceedings to foreclose a mortgage, so that all their rights may be adjudicated and adjusted without the multiplicity of suits. Such has not been the practice of the Court of Equity in this state. The only proper parties to an action of this kind, strictly speaking, are the mortgagor and the mortgagee and those who have acquired rights or interests under them subsequent to the mortgage. This is the rule. The mortgagee, even, has no right to make one who claims adversely to the title of the mortgagor, and prior to the mortgage, a party defendant for the purpose of trying the validity of his adverse claim or title. But the mortgagee may make a prior encumbrancer a party to the action, for the purpose of having the amount of each encumbrance litigated; or he may, at his option, have the premises sold, subject to such prior encumbrance. I can find no authority directly supporting the doctrine that a mortgagor can claim the right to bring in, as parties to an action, prior encumbrancers of the land sought to be sold for foreclosure, particularly when their rights are not conflicting, or when they are, for the purpose of adjudicating them. In this action the court is not bound to make the prior judgment creditors or the holder of the prior mortgage parties in order to settle the rights of all the parties; nor is it necessary for the protection of the purchaser of the premises. He takes the interest of the mortgagee only under the sale. In fact, he will stand in his place, and all who are not parties to the proceeding are not affected thereby. The purchaser must inquire beforehand and ascertain definitely what he is to get by his purchase. The defendants are certainly not entitled to have unwilling parties made to this action simply for the benefit of the purchasers. If the junior judgment creditors are made parties, it will enure to their advantage alone.

The subsequent encumbrancers or judgment creditors are some-

times made parties originally in actions of foreclosure. In the old·practice in this state it has been done. But the mortgagee was the party who usually brought them in.

The proposition that the defendants should be released from the contract, because of the encumbrances of this case and their want of diligence, and be allowed and required to pay only rent for the land, need not be considered by the court. To thus cancel the bond and mortgage and disregard the rights of the plaintiff, would be at variance with the law. I can find no authority to justify such action on the part of the court.

I am of the opinion that the plaintiff is entitled to his judgment of foreclosure and sale, without the addition of any other parties to the action, and it is so adjudged.

It is ordered that it be referred to S. G. Owens, clerk of this court, to ascertain the amount of the principal and interest due upon the bond, to secure the payment of which the mortgage sought to be foreclosed was given.

The defendants appealed to this court upon the following exceptions to the decree :

1. In that the judge, in his judgment, erred in holding that the plaintiff was entitled to have his mortgage foreclosed before he complied with his express agreement, when the mortgage was given, to remove a mortgage before that time given by him to A. L. Evans, commissioner in equity, on the same property.

2. In that the judge, in his judgment, erred in holding that the owner of the mortgage given by the plaintiff before the sale made by him to the defendants, was not a necessary party to the proceedings in this case.

3. In that the judge, in his judgment, erred in holding that prior judgment creditors of the plaintiff were not necessary parties to these proceedings, and notwithstanding two of the judgments had been recovered more than twenty years before the execution of the mortgage, and have since that time been renewed by the consent of the plaintiff.

4. In that the judge, in his judgment, erred in holding that subsequent execution creditors of the plaintiff were not necessary parties.

5. In that the judge, in his judgment, erred in ordering a foreclosure of the mortgage and in overruling the positions taken in defendants' answer.

*Messrs. Johnson & Johnson,* for appellants.

The court ought not to have ordered a foreclosure until after the vendor had removed the lien of the prior mortgage.   14 *Rich. Eq.* 12; 6 *Johns. Ch.* 398; *Story Eq. Jur.* 370, 785, 850; *Moseley* 318; 1 *McM.* 125.   All encumbrancers should be parties.   *Story Eq. Pl.* 193; 6 *John. Ch.* 450; 4 *John. Ch.* 605; 3 *John. Ch.* 459.   Though encumbrancers in most cases may not be necessary parties, yet in a case like this, where the encumbrances are numerous, and some of them uncertain as to their validity, they ought all to be before the court.

*Mr. C. A. Woods,* for respondent.

Prior encumbrancers are not necessary parties.   *Pom. Rem.,* §§ 334, 342; 9 *S. C.* 197.   Subsequent judgment creditors are proper but not necessary parties.   *Story Eq. Pl.,* § 193; 3 *Johns. Ch.* 459; *Pom. Rem.* 342.   Defendants accepted title with full knowledge of the prior encumbrances, and must rely upon their warranty.   And the removal of the prior mortgage was not a condition precedent.   14 *Rich. Eq.* 12.   Defect of title cannot avail as defence until surrender of possession.   3 *Rich.* 196.

May 7th, 1879.   The opinion of the court was delivered by

WILLARD, C. J.   The only objection for want of parties taken by the answer is that a mortgagee, prior to the plaintiff, is not joined.   We held in *Warren* v. *Burton,* 9 *S. C.* 197, that a prior encumbrancer was not a necessary party to a suit for foreclosure.   That case disposes of all question as to the alleged defect of parties, for the defendant not having raised any other question as to defect of parties, either by demurrer or answer, such an objection is waived.   *Code,* § 171.

The objection to the judgment, based on an alleged agreement to pay off all encumbrances on the premises, requires consideration.   It appears that the plaintiff sold and conveyed to the defendant, with the usual covenant of warranty, and took back

a mortgage for the purchase money, which he is now seeking to foreclose. The defendant alleges outstanding encumbrances existing at the date of the conveyance with warranty, both by mortgage and judgment. He also alleges a parol agreement on the part of the plaintiff to pay off and discharge these incumbrances.

The Circuit judge does not pass directly upon the question of fact of the existence of such a parol agreement. It is placed in doubt by the evidence whether any distinct agreement of the character alleged, independent of what was accomplished through the covenant of warranty, was made between the parties. The covenant of warranty was itself a contract to pay the encumbrances in question. It is settled in this state, beyond dispute, that the general covenant of warranty, since the act of 1795, must be construed as containing the various covenants in use prior to that time in conveyances of land.

In *Jeter* v. *Glenn,* 9 *Rich.* 374, Wardlaw, J., held that the covenant of warranty embraces all the five English covenants, namely, that the vendor is seized in fee; that he has a right to convey; that vendee shall quietly enjoy; against encumbrances, and for further assurance. In *McCrady* v. *Brisbane,* 1 *N. & McC.* 104, the existence of a covenant against encumbrances, as included in the ordinary covenant of warranty, was distinctly recognized. In *Johnson* v. *Veal,* 3 *McC.* 449, the same was held with regard to the covenant of seizin, and in reference to both the covenants of seizin and quiet enjoyment in *Furman* v. *Elmore,* 2 *N. & McC.* 189. The proposition above stated is based upon a construction of the act of 1795, and is so well settled and understood that it needs no particular consideration. Inasmuch, then, as there was an express covenant, under seal, between the parties, by which, in effect, the vendor bound himself to pay off all encumbrances on the land, the testimony as to a parol understanding may well be referred to this express contract as the contemplated means of enforcing that obligation. A parol contract, in addition to this formal one, would have been senseless and useless. We therefore conclude that the covenant of warranty was the obligation to which the parties looked as fixing

the duties of the vendor as it regards the discharge of encumbrances affecting the title to the land in question.

It appears that encumbrances, consisting of a mortgage and judgment, existed affecting the title of the land at the time of its conveyance by the vendor with warranty. Whether the mere fact of conveyance, with warranty, of an encumbered title constituted a breach from the moment of such conveyance, or only from the time when the covenantee sustained damage from the existence or enforcement of the encumbrance, need not be considered in this case. In Massachusetts and New York it is held that under such circumstances the covenant is broken from the time of the transfer of the encumbered title, but that covenantee can get only nominal charges, unless he has either been at cost to extinguish the encumbrance, or has suffered through its enforcement. *Prescott* v. *Trueman,* 4 *Mass.* 627; *Delavigne* v. *Norris,* 7 *Johns.* 358. It may be a question whether the case of *McCrady* v. *Brisbane,* 1 *N. & McC.* 104, assuming it to hold that the covenant is not broken until actual damage sustained, should not be restricted to contingent liabilities like that involved in that case, namely, a contingent right of dower dependent on surviving a husband, but it is not important to determine that question in the present case. The question is not directly that of the right to maintain an action for the breach of the covenant, independent of the question of damages, but whether the defendant has sustained any damage that should be allowed by way of counter-claim to the plaintiff's demand. It is very clear in all the authorities that no damage can be recovered until the vendee has either extinguished the encumbrance in whole or in part, and in that case to the extent of payment for the purpose and interest, or unless he has lost the land in whole or in part under such encumbrance. *McCrady* v. *Brisbane,* 1 *N. & McC.* 104; *Prescott* v. *Trueman,* 4 *Mass.* 627; *Delavigne* v. *Norris,* 7 *Johns.* 358.

It is well settled in this state that under the former practice, damages arising from a breach of covenant in conveyance of land, could be set up by way of discount against a claim for the purchase money, whether that claim was based on a parol contract or one under seal. *Bell* v. *Huggins,* 1 *Bay* 326; *Sumter* v.

*Welsh,* 2 *Bay* 558; O'Neall *in Van Lew* v. *Parr,* 2 *Rich. Eq.* 321; *Garwin* v. *Cohen,* 13 *Rich.* 153; *Carter* v. *Carter,* 1 *Bail.* 217; *Taylor* v. *Fulmore,* 1 *Rich.* 52. Such a defence can be made available under the code by way of counter-claim. But the defendant does not allege or prove any damage that can be deducted from the purchase money secured by the mortgage, and, therefore, the plaintiff was entitled to have his decree for the amount due on his mortgage, and for the sale of the mortgaged premises for foreclosure.

The decree below must be affirmed and the appeal dismissed.

Decree affirmed.

HASKELL, A. J., and WALLACE, A. A. J., concurred.