13376

WATSON v. FOWLER, *ET AL.*

(163 S. E., 640)

Messrs. *T. B. Lewis, J. M. Long* and *E. S. C. Baker,* for appellants,

Messrs. *G. L. Ford* and *H. H. Woodward,* for respondents,

April 4, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It will require a preliminary statement of some length to unravel the tangled skein of the history of this case.

Mrs. Cora J. Fowler, a resident of the County of Horry, executed and delivered to the plaintiff herein her bond and mortgage in the sum of $7,713.74 dated March 31, 1926. The bond was payable in installments of $1,000.00 and accrued interest as follows: On December 1st of each of the years 1926, 1927, 1928, 1929, 1930, 1931, 1932, and the sum of $713.74 and accrued interest December 1, 1933. The mortgage covered three tracts of land, No. 1 containing 182 acres; No. 2 containing 150 acres; and No. 3 containing 47 acres.

Cora J. Fowler died June 28, 1927, leaving her surviving, as her sole heirs at law, her husband, George M. Fowler, and her children H. W. Fowler, F. J. Fowler, W. F. Fowler, C. H. Fowler, W. W. Fowler, W. G. Fowler, and Ellen Fowler. Of these C. H. Fowler, W. W. Fowler, and Ellen Fowler were infants when the suit was begun to foreclose the mortgage, and appear in the action by their duly appointed *guardian ad litem*. Proceedings in foreclosure were begun by complaint filed December 27, 1929. All the above-named parties were made defendants as the sole heirs at law and distributees of Cora J. Fowler, deceased. In addition, the First Carolinas Joint Stock Land Bank was made a party defendant because it held a prior mortgage on the premises. The Farmers' Bank, located at Loris, S. C., and Virginia-Carolina Chemical Company were made parties defendant because they had, or claimed, some interest in the the premises, presumably by way of judgment, though it is not specifically so stated. A. M. Mills was made a party defendant because he had paid to plaintiff the installment of principal and interest due on the mortgage debt December 1, 1928. It is alleged in the complaint that the amount then due was $4,-713.74, with interest from December 1, 1928. No personal judgment was demanded against the estate of Cora J. Fowler. The complaint alleges that the bond provides "that

in case of default in payment of any one of said instalments or the interest, the whole of said principal and interest shall immediately become due and payable."

The infant defendants by their *guardian ad litem* served the usual formal answer, submitting their interests to the protection of the Court. All the other defendants defaulted. A judgment of foreclosure was granted by Judge Shipp and the property sold by the master and bought in by one of the adult Fowler children, who failed to comply with the terms of sale. The appellants herein then moved the Court to open the judgment and permit them to answer. The motion was heard by Judge Dennis who held that the adult petitioners had waived their right to answer; he ordered that the judgment of foreclosure made by Judge Shipp "be re-opened, set aside and vacated for the purpose of requiring proof as to the amount due on the mortgage in issue in this case, and as to the rights of the infant defendants."

He ordered further that the master "take proof of the amount or amounts due on the mortgage or mortgages set up in the pleadings for principal debt, interest and disbursements, including the question of attorneys' fees, and to take proof of the other allegations of the complaint and issues, if any. * * *" He ordered further that "the petitioners herein who are above the age of twenty-one years be and are hereby declared to have waived their rights to answer, but shall be permitted to appear before the Master and the Court upon a hearing therein as to the amount due, and the time and conditions of a sale of the premises." There is no appeal from this order.

The master filed his supplemental report finding that the allegations of the complaint were substantially true; fixing the amount due on the mortgage debt, and that there was due to plaintiff the sum of $248.50, with $3.30 interest, being the amount of an installment due on the prior mortgage of First Carolinas Joint Stock Land Bank, which plaintiff had paid. He fixed 10 per cent. as a proper fee for plaintiff's

attorneys. He found that there was due to A. M. Mills, by the estate of Cora J. Fowler, the sum of $570.67, with interest from December 1, 1929, at 8 per cent. He recommended that judgment be given plaintiff for the total amount due on the bond on the date of the decree, including the amount due A. M. Mills, and the amount paid by plaintiff to First Carolinas Joint Stock Land Bank, with interest and costs.

To this supplemental report the adult and infant defendants filed exceptions which were heard by Judge Wilson, then presiding in the Twelfth Circuit. His Honor filed his decree confirming the supplemental report except so much as recommended the sale of the premises as a whole, and he ordered that they be sold in three separate parcels. He ordered that judgment be entered in favor of plaintiff for the amount found to be due by the report; and for A. M. Mills in the amount found to be due him; that the surplus proceeds of the sale be paid to the Clerk of Court "to be held by him subject to the judgment, if any, to be hereafter acquired by the plaintiff against the estate of Cora J. Fowler, deceased, on the installments set out in plaintiff's mortgage, and found not yet to be due."

All of the defendants who are heirs-at-law of Cora J. Fowler appeal from this decree on nine exceptions, which make for consideration five questions which appellants' counsel set out in their brief. Instead of passing upon the exceptions seriatim, we will treat them as counsel has discussed them.

1. "Was testimony relating to the alleged amount paid by defendant A. M. Mills on the mortgage declared on properly admitted in evidence?"

This question and the next one (2) which challenges the introduction of evidence of the payment by plaintiff of an installment of the mortgage debt due by the estate of Cora J. Fowler to First Carolinas Joint Stock Land Bank, which mortgage was prior to plaintiff's mortgage, might be dis-

posed of by saying that A. M. Mills and First Carolinas Joint Stock Land Bank were parties to the action. No motion was made to eliminate them. The evidence was responsive to the issues. Moreover, the evidence when offered was not objected to. It will appear in the consideration of Questions 3 and 4 that there is no valid objection to the introduction and receipt of this evidence.

Question 3 is in this language: "Is the defendant A. M. Mills, subrogated to the rights of respondent in and secured by respondent's mortgage to the extent of Five Hundred Seventy Dollars and Sixty-seven Cents and interest ($570-.67) the amount found to be due him by the Master?"

It will be borne in mind that, after the death of the mortgagor, Cora J. Fowler, A. M. Mills paid to Pearl B. Watson the amount of the installment of the mortgage debt which fell due December 1, 1928, to wit: $1,000.00 and interest. Plaintiff gave him a receipt for the amount $1,457.10 which receipt provides: "This amount is to be credited on the Cora J. Fowler mortgage and note at any time that A. M. Mills demands it." There is no direct evidence that it was ever so credited. Evidently some one must have repaid a part of it, because the master found the amount due Mills was $570.67. It is clear that Mills is not entitled to subrogation *pro tanto* of the rights of Watson as mortgagee. Mills was a volunteer—he was under no obligation to pay the debt. He was not liable primarily or secondarily. He evidently lent his money to Watson. The elements of the right of subrogation are: "(1) That the party claiming it has paid the debt; (2) that he was not a volunteer, but had a direct interest in the discharge of the debt or lien; (3) that he was secondarily liable for the debt or for the discharge of the lien; (4) that no injustice will be done, to the other party by the allowance of the equity." *Dunn v. Chapman,* 149 S. C., 163, 146 S. E., 818, 820.

But this finding does not warrant a reversal of the case. The decree of Judge Wilson directs that judgment be en-

tered for A. M. Mills against the estate of Cora J. Fowler for the amount found to be due him by the master. He does not, however, direct that any of the proceeds of the sale be paid him. They are directed to be paid to plaintiff. The interests of appellants will be protected by the order of this Court that the judgment ordered to be entered for Mills against the estate of Cora J. Fowler be not so entered, and that the amount of the principal and interest thereon be paid to the plaintiff. A. M. Mills must look to the plaintiff for his debt. The estate owes the debt—it would be immaterial to whom it was paid if it went to help extinguish the mortgage debt but for the fact that the Mills judgment would be a lien on the estate of Cora J. Fowler. By eliminating it, the interests of the estate are protected. It would be an idle gesture, to reverse the case for the purpose of having this correction made by the Circuit Court.

Question 4 is thus stated in appellant's brief:

"Is the respondent secured by his mortgage declared upon for the sum of Two Hundred Fifty-one Dollars and Eighty Cents ($251.80) alleged to be paid by him on the prior mortgage of the defendant First Carolinas Joint Stock Land Bank, which prior mortgage is not being foreclosed in this action?"

Under the decisions of our Court it was proper, but not necessary, to make the First Carolinas Joint Stock Land Bank a party to this action for foreclosure. As the senior mortgagee, it was entitled to be first paid out of the proceeds of the sale of the mortgaged premises.

In the plaintiff's return to the petition of appellants for the reopening of the judgment of foreclosure granted by Judge Shipp, he states (Transcript, folios 106, 107): "That in order to prevent additional expense being incurred by reason of the failure to pay the instalment and interest due the First Carolinas Joint Stock Land Bank, plaintiff herein was forced on the 28th day of February, 1930, to pay to the

First Carolinas Joint Stock Land Bank the sum of Two Hundred Fifty-one & 80/100 Dollars."

He introduces in evidence (Transcript, folios 153 to 165) an assignment, or subrogation receipt from the First Carolinas Joint Stock Land Bank to Pearl B. Watson of an interest in the note and mortgage which it holds against Cora J. Fowler dated March 25, 1925, to the amount of $251.80 paid it by said Watson on February 28, 1930, to meet the installment of $248.50 principal and $3.30 interest on its mortgage due by Cora J. Fowler January 1, 1930, and unpaid. The claim of plaintiff to be subrogated to the right of the bank to the extent of its payment on the mortgage debt of the bank comes directly under the elements of the right of subrogation as fixed by the case of *Dunn v. Chapman, supra,* and numerous other cases, to wit: "(1) That the party claiming it has paid the debt. (2) That he was not a volunteer *but had a direct interest in the discharge of the debt or lien.* * * * (4) *That no injustice will be done to the other party by the allowance of the equity."* (Italics added.)

"The doctrine of subrogation is said to be 'one of equity and benevolence * * * and the basis is the doing of complete, essential and perfect justice between all the parties *without regard to form* (italics added) and its object is the prevention of injustice. The right does not necessarily rest on contract or privity, but upon principles of natural equity.' " 37 Cyc., 305, quoted with approval in *Enterprise Bank v. Federal Land Bank,* 139 S. C., 404, 138 S. E., 146. See, also, *Prudential Inv. Co. v. Connor,* 120 S. C., 42, 112 S. E., 539.

In this present case Watson paid the debt. He had an interest in paying it because it removed to that extent the lien of a mortgage prior to his, and it saved the expense of a foreclosure by the prior mortgagee. It can do no possible injustice to appellants. The amount, if not paid to the plaintiff, must have been paid to the land bank. It is immaterial

that that bank is not foreclosing in this suit. The junior mortgage creditor is foreclosing; the bank is a party; and has the first claim on the proceeds of the sale of the mortgaged premises.

In the case of *Hibbett v. Charleston Heights Co. et al.,* 163 S. C., 327, 161 S. E., 499, 503, plaintiff had intrusted the bank with $5,000.00 to be invested; the bank owned eight bonds of the face value of $5,000.00 each secured by a mortgage on a tract of land which was not worth more than $6,000.00. It invested Mrs. Hibbett's $5,000.00 in one of these bonds. Plaintiff, in addition to other relief sought, asked that the mortgage be foreclosed. Defendant claimed that she had no right to foreclose, for that the mortgage was not in her possession, and was in the name of the bank. The Court held: "Plaintiff has an equitable interest in that mortgage which entitles her to maintain this action and to demand the foreclosure of it."

Plaintiff here has an interest in the land bank mortgage which entitles it to be paid out of the proceeds of sale of the mortgaged premises, before the application of such proceeds to its own mortgage debt.

Question 5 is couched in this language: "Did the Circuit Judge err in failing to require the lands and premises to be surveyed and subdivided into desirable and salable parcels and ordering to be sold only so many of said parcels as might be necessary to satisfy the mortgage debt?"

There is no showing made that it would have been to the interest of appellants to cut the lands into smaller parcels. The Court ordered it sold in the three parcels by which it is described in the mortgage. The 47-acre tract is woodland. There is not much open land for farming on the other tracts. It must be borne in mind that the proceeds of sale had first to be applied to the First Carolinas Joint Stock Land Bank, before any application could be made to plaintiff's mortgage debt. The record does not disclose how much the bank debt

is. It is settled law that such question as is here made rests in the sound discretion of the Court.

"It has heretofore been the uniform practice, as well as a generally sanctioned discretionary power of a Court of Equity, in cases of the foreclosure and sale of real property mortgages to order the whole mortgaged property sold, or in some cases so much as may be necessary to satisfy the mortgage debt, costs, and expenses, and for this purpose may direct that lands be divided and sold in lots or separate parcels." *Prudential Ins. Co. v. Lemmons et al.,* 159 S. C., 121, 155 S. E., 591, 594, and authorities there cited.

In the *Prudential Ins. Co. v. Lemmons Case, supra,* Acting Associate Justice Mendel L. Smith said: "It is therefore plain that the broad discretionary power of the Court of equity to provide such terms in a decree of foreclosure and sale of real property is not only free from constitutional objection as urged, but is well supported by sound reason and unquestioned authority, and should be exercised when the facts and circumstances of the particular case, having due regard to the rights and interests of all parties, in good conscience and sound judicial discretion, warrant such action."

There is an utter failure in the case now present to show any abuse of discretion by the Circuit Judge, whose decree is challenged.

It is the judgment of this Court that the judgment ordered to be entered in favor of A. M. Mills against the estate of Cora J. Fowler, deceased, be not so entered, and that the principal and interest found due A. M. Mills, to wit, $570.67, with interest at 8 per cent. from December 1, 1929, be added to the amount found now to be due Pearl B. Watson on his mortgage debt. Except as thus modified, the judgment of the Court below is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.