**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, Appellant,

v.

Charles M. Thompson, Mortgage Electronic Registration Systems, Inc., as nominee for E-Loan, Inc., Mortgage Electronic Registration Systems, Inc., as nominee for MidCountry Bank, Bridges Crossing Property Owners' Association, Inc., SC Telco Federal Credit Union, and Oriole Properties, Inc., Defendants.

And

U.S. Bank, National Association, Respondent,

v.

Charles M. Thompson, E-Loan, Inc., and SC Telco Federal Credit Union, Defendants.

Appellate Case No. 2012-213310

———————

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

———————

Opinion No. 2015-UP-443
Heard February 3, 2015 – Filed August 26, 2015

### AFFIRMED IN PART, REVERSED IN PART, and REMANDED

Allen Mattison Bogan and Michael J. Anzelmo, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellant.

Thomas A. Shook, of Finkel Law Firm, LLC, of N. Charleston, for Respondent.

**PER CURIAM:**  Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, L.P. (BANA), appeals from the Master-in-Equity's denial of its motion for relief from judgment in this mortgage foreclosure action.  BANA argues the master erred in (1) failing to hold BANA's mortgage remained unaffected by a prior order releasing the mortgage where a necessary party to the action was not made a party; (2) denying BANA's Rule 60(b)(4), SCRCP, motion; and (3) holding previous proceedings, which led to the sale of the mortgaged property, were res judicata as to a bona fide purchaser.  We affirm in part, reverse in part, and remand.

## FACTS

In May 2011, U.S. Bank filed a complaint in action 2011-CP-23-3668 (3668) seeking to foreclose on a mortgage given by Charles Thompson on February 29, 2008.  The mortgage secured loans on 2 Country Mist Drive in Greer and 104 Nobska Light Court in Simpsonville.  In September 2011, BANA filed a complaint in action 2011-CP-23-5912 (5912), seeking to foreclose on a previous mortgage given by Charles Thompson on October 12, 2006, which also secured a loan on 104 Nobska Light Court.

At the hearing in 3668, U.S. Bank requested the master release the Nobska Light Court mortgage to E-Loan, arguing it no longer constituted a lien because E-Loan did not answer the complaint and was in default.  By an order filed March 27, 2012, the master found U.S. Bank held a first lien; found E-Loan's mortgage no longer constituted a lien as to 3668; granted judgment of $300,835 to U.S. Bank;

and ordered a foreclosure sale.  By a separate order also filed March 27, 2012, the master ordered release of E-Loan's lien.  The Nobska Light Court property was auctioned in May 2012 and purchased by Oriole Properties, LLC.[1]

As to 5912, Thompson executed a note and mortgage on October 12, 2006, for $113,520 to E-Loan.  The mortgage was also secured by the Nobska Light Court property.  After a hearing on April 19, 2012, the master filed an order on April 20, 2012, granting judgment of $132,654 to BANA and ordering the property to be sold at a public auction.

On May 31, 2012, Oriole moved to intervene in 5912, which the master granted.  Oriole moved to enter judgment against BANA and dismiss the case.  In the alternative, Oriole moved to set aside the order of foreclosure and judgment and stay the June 4, 2012 sale.  Oriole argued the master's order in 3668, filed March 27, 2012, found E-Loan's mortgage no longer constituted a lien.  Oriole next argued the order found the following: (1) E-Loan was in default; (2) E-Loan's default was imputed to BANA; (3) BANA's mortgage was extinguished and released; and (4) BANA's mortgage no longer constituted a valid first lien.  Oriole also argued even if BANA was excused for its default, it was on record notice of the 3668 action when it filed its summons and complaint on September 2, 2011, because the 3668 action, along with the lis pendens, had already been filed on May 31, 2011.  Oriole alleged that "[d]espite such record notice, [BANA] took no steps (during a 6 month period) to intervene in the prior pending action . . . ."

BANA did not immediately file responses to Oriole's motions.  Instead, on June 15, 2012, BANA, as successor in interest to E-Loan and Mortgage Electronic Registration Systems, Inc. (MERS), filed a motion for relief from judgment in 3668.  BANA claimed (1) the order releasing the E-Loan mortgage was void because the master lacked personal jurisdiction; (2) U.S. Bank misrepresented that E-Loan's mortgage no longer constituted a lien; and (3) the order of release was ineffective as to MERS, the entity holding the legal interest in the E-Loan mortgage because it was an indispensable party to the adjudication of whether the mortgage constituted a lien.  U.S. Bank filed a return in opposition to the motion.

---

[1] The property was purchased at the public auction on May 7, 2012, by Robert Hill for $200,000.  Hill subsequently assigned his bid to Oriole for an additional $52,000.

After a hearing on June 27, 2012, BANA filed a response in opposition to Oriole's motion to dismiss.  By order filed July 18, 2012, the master found that at the time BANA filed its foreclosure action, 5912, it was on notice of the previous foreclosure action, 3668, filed by U.S. Bank regarding the 104 Nobska Light Court property.  The master noted BANA did not name U.S. Bank as a party in the 5912 action; after the foreclosure order in the 3668 action, BANA appeared at a separate foreclosure hearing in 5912; no other party appeared at that hearing; and the master's order in 5912 inadvertently did not recognize the prior order in 3668.  The master concluded Oriole was a bona fide purchaser for value in good faith.  The master recognized BANA's argument that it was not properly served, but the master found it unnecessary to reach the issue because the lis pendens placed BANA on notice of the prior action.  The master determined the order in 3668 controlled over the subsequent order in 5912.  Thus, the master denied BANA's Motion for Relief from Judgment or Order in 3668 and granted Oriole's Motion to Dismiss.  The master finally stated, "The intent of this Order is to award clear title to Oriole . . . and quiet any cloud on the title to the property located at 104 Nobska Light Court associated with the subsequent purported foreclosure in . . . 5912." This appeal followed.

While the appeal was pending, the parties filed a Consent Motion to Dismiss Respondent Oriole Properties, LLC.  In the motion, BANA stipulated to the following:

> [BANA] is not seeking any recovery or relief from Oriole. . . .  [BANA] acknowledged that it does not seek a ruling setting aside the underlying foreclosure sale to Oriole . . . or challenging the bona fide purchaser status of Oriole. . . .  Rather, [BANA] seeks only that the Court issue a ruling as to the priority of the mortgages of [BANA and U.S. Bank] on the property at 104 Nobska Light Court.

By order filed November 22, 2013, this court granted the motion.

**STANDARD OF REVIEW**

"Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge." *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006).  "Our standard of review, therefore, is limited to determining whether

there was an abuse of discretion." *Id.* at 551, 633 S.E.2d at 502-03. "An abuse of discretion arises where the judgment is controlled by an error of law or is based on factual conclusions that are without evidentiary support." *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 916 (Ct. App. 2009).

## LAW/ANALYSIS[2]

### I.      Oriole's Status as a Bona Fide Purchaser

BANA argues Oriole lacked the status of a bona fide purchaser. We disagree.

In the consent motion to dismiss Oriole as a party, BANA agreed not to challenge the bona fide purchaser status of Oriole, stating it "stipulated that it is not seeking any recovery or relief from Oriole . . . [and] acknowledged that it does not seek a ruling setting aside the underlying foreclosure sale to Oriole Properties, LLC or **challenging the bona fide purchaser status of Oriole**. . . ." (emphasis added). "Stipulations, of course, are binding upon those who make them." *Corley v. Rowe*, 280 S.C. 338, 340, 312 S.E.2d 720, 722 (Ct. App. 1984). We find no merit to BANA's argument that Oriole lacked the status of a bona fide purchaser.

### II.     MERS as an Indispensable Party

BANA also argues the master erred in releasing its lien and failing to find MERS was an indispensable party in the 3668 action.[3] We agree.

Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.

At the hearing, U.S. Bank argued it served E-Loan[4] because it was named on the mortgage as the lender. However, the mortgage also provided that "MERS is the mortgagee under this Security Instrument" and listed an address for MERS. In the 3668 order, the master acknowledged U.S. Bank did not originally have a first mortgage on the Nobska Light Court property, but was junior to E-Loan's interest.

---

[2] We reorganized BANA's issues on appeal.

[3] U.S. Bank did not file a Respondent's brief. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.").

[4] U.S. Bank served E-Loan's parent corporation, Banco.

However, the master found E-Loan was in default and U.S. Bank had a first mortgage, thereby releasing BANA's lien. As to whether MERS was an indispensable party, the master found he need not address this issue because the lis pendens in 3668 put BANA on notice of U.S. Bank's prior action.

A senior mortgagee is a proper but not a necessary party to a junior mortgagee's foreclosure action. *Watson v. Fowler*, 165 S.C. 288, 294, 163 S.E. 640, 642 (1932). However, if a junior mortgagee forecloses, the premises are sold subject to the senior mortgagee's interests. *See Evans v. McLucas*, 12 S.C. 56, 59 (1879) (stating a "mortgagee may make a prior encumbrancer a party to the action, for the purpose of having the amount of each encumbrance litigated; or he may, at his option, have the premises sold, subject to such prior encumbrance"); 27 S.C. Jur. *Mortgages* § 108, at 245 (1996) ("A creditor having a lien superior to the mortgage of the plaintiff/mortgagee is a proper party, but it is not a necessary party, as the land may be sold subject to its lien."). In this case, because U.S. Bank sought to subordinate or discharge BANA's prior lien, MERS was a necessary party to the 3668 action. *See Union Nat'l Bank of Columbia v. Cook*, 110 S.C. 99, 114, 96 S.E. 484, 488 (1918) (affirming the special referee's report that found junior mortgagees were not necessary parties to a foreclosure action, but they were necessary defendants to the recovery of a judgment giving a title free from liens).

## III.    Service on Banco

BANA lastly argues the master erred in denying its Rule 60(b)(4), SCRCP, motion, arguing service on Banco, the parent corporation, was not service on E-Loan. Based on our disposition of the issue regarding MERS as an indispensable party, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (concluding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

We affirm Oriole's status as a bona fide purchaser. We decline to rule on the master's finding that service on Banco constituted service on E-Loan. Finally, we reverse the master's finding that E-Loan's mortgage was no longer valid due to U.S. Bank's failure to name MERS as a party to the 3668 foreclosure action and remand for proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**