421 So.2d 691 (1982)
Glasfory WILLOUGHBY, Petitioner,
v.
SEESE REALTY INC., and Brocato and Company, Inc., Respondents.
No. 82-1599.
District Court of Appeal of Florida, Fourth District.
November 3, 1982.
Rehearing Denied November 29, 1982.
*692 David S. Nunes, Fort Lauderdale, for petitioner.
Mark S. Schecter of Mark S. Schecter, P.A., Fort Lauderdale, for respondents.
BERANEK, Judge.
Petitioner seeks a writ of certiorari quashing the order of the Circuit Court which affirmed an order of the County Court denying his motion to vacate a default. We grant certiorari.
A suit for a brokerage commission was filed in County Court on November 11, 1980. Petitioner was served by the Sheriff leaving a summons at his door. He failed to file an answer and the clerk entered a default against him on March 18, 1981. A final judgment was entered on June 3, 1981. Thereafter, petitioner served a motion to vacate the default contending that the judgment was void because service was improper. The County Court denied this motion, as well as the subsequent motion for rehearing. Petitioner appealed to the Circuit Court, which affirmed. Petitioner now seeks review by way of certiorari.
Florida Rule of Civil Procedure 1.540(b) gives five reasons for relief from judgment, one being that the judgment or decree is void. Petitioner asserts that the judgment is void because service of process was improper. Section 48.031(1), Florida Statutes (1981), provides for service by delivering a copy of the summons and complaint to the person to be served, or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older, and informing the person of their contents. A review of the return of service in this case demonstrates that the summons and complaint were not delivered to petitioner or anyone else but were simply left at petitioner's door. This was improper service and the judgment based thereon should have been set aside. Respondents fail to address the issue of defective service in their response to the petition. Instead, they concentrate on petitioner's failure to adequately prove mistake, inadvertence, surprise or excusable neglect. Although most motions to vacate a default are based on excusable neglect, Rule 1.540 does provide other means of vacating a judgment. If petitioner can demonstrate, as was done here, that the judgment is void, he is not also compelled to show there was excusable neglect. We thus conclude that the Circuit Court deviated from the essential requirements of law in affirming the County Court's erroneous rulings. The Circuit Court's affirmance is vacated and the matter remanded to the Circuit Court with directions to remand it to the County Court with instructions to grant the motion to vacate the default and judgment.
CERTIORARI GRANTED.
DOWNEY and HERSEY, JJ., concur.