633 S.E.2d 501

BB & T f/k/a Southern National Bank, Respondent,

v.

Carolyn M. TAYLOR a/k/a Carolyn Yvonne
Murphy Taylor, Petitioner.

No. 26188.

Supreme Court of South Carolina.

Submitted June 21, 2006.

Decided July 24, 2006.

Carolyn M. Taylor, of Columbia, Pro Se Petitioner.
John William Ray, of Greenville, for Respondent.

Justice BURNETT:

We granted a writ of certiorari to review the Court of Appeals' decision in *BB & T v. Taylor*, Op. No.2004–UP–513 (S.C. Ct.App. filed Oct. 14, 2004). Carolyn M. Taylor a/k/a Carolyn Yvonne Murphy Taylor (Petitioner) contends the Court of Appeals erred in affirming the lower court's denial of a motion to set aside a judgment against her and in favor of BB & T f/k/a Southern National Bank (Respondent). We find Petitioner was not properly served with process and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 1998, Respondent filed an action against Petitioner for collection of a consumer debt. Respondent hired a private process server, Robert Jones, who verified Petitioner's residential address. Jones also obtained the make and model of Petitioner's vehicle and license tag number through public records.

Jones made nine visits to Petitioner's residence attempting to serve her, and he left a message on the residence's answering machine. On June 17, 1998, Jones arrived at Petitioner's residence about 4:30 p.m. and departed about 17 minutes later. There were two vehicles in the driveway including the one registered to Petitioner. Jones claimed someone was inside the residence but would not open the door or communicate with him. He called out his intent to leave the papers and then posted the summons and complaint on the front door of the residence.

Respondent filed an affidavit of default, and on August 3, 1998, a judgment in default was entered against Petitioner. On July 16, 2002, Petitioner filed a motion to set aside the judgment pursuant to Rule 60(b)(4), SCRCP. Petitioner alleged the default judgment should be set aside because the court lacked personal jurisdiction due to insufficient service of process. The lower court found Petitioner had been sufficiently served with process and denied Petitioner's motion. The Court of Appeals affirmed. *BB & T v. Taylor*, Op. No.2004–UP–513 (S.C. Ct.App. filed Oct. 14, 2004).

## ISSUE

Did the Court of Appeals err in affirming the lower court's denial of Petitioner's motion to set aside a judgment against her?

## STANDARD OF REVIEW

Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge. *Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992). Our standard of review, therefore, is limited to determining whether there was an abuse of discretion. An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support. *Tri–County Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990).

## LAW AND ANALYSIS

Petitioner alleges she did not personally receive the summons and complaint in this case as required by Rule 4, SCRCP. She contends the Court of Appeals therefore erred in affirming the lower court's denial of her motion to set aside a judgment against her. We agree.

Rule 60(b)(4), SCRCP, provides: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding [because] . . . the judgment is void." A judgment is void if a court acts without personal jurisdiction. *Thomas & Howard Co. v. T.W. Graham & Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). A court generally obtains personal jurisdiction by the service of a summons. *Ex parte S.C. Dep't of Revenue*, 350 S.C. 404, 407, 566 S.E.2d 196, 198 (Ct.App.2002) (citing *State v. Sanders*, 118 S.C. 498, 502, 110 S.E. 808, 810 (1920) ("The purpose of the summons is to acquire jurisdiction of the person of the defendant. . . .")).

Under Rule 4(d)(1), SCRCP, service shall be made as follows:

Upon an individual other than a minor under the age of 14 years or an incompetent person, by delivering a copy of the

summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process. "Rule 4, SCRCP, serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action." *Roche v. Young Bros., Inc. of Florence,* 318 S.C. 207, 209, 456 S.E.2d 897, 899 (1995).

The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle her to relief. *Bowers v. Bowers,* 304 S.C. 65, 67, 403 S.E.2d 127, 129 (Ct.App.1991). Exacting compliance with the rules is not required to effect service of process. *Roche,* 318 S.C. at 209–10, 456 S.E.2d at 899. "Rather, [the Court must] inquire whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." Id. at 210, 456 S.E.2d at 899. A presumption of proper service exists when the rules governing service are followed. *Roche,* 318 S.C. at 211, 456 S.E.2d at 900 (citation omitted).

The dispositive issue in this case is what constitutes delivery of a copy of the summons and complaint to the individual personally where the process server has repeatedly attempted to serve process and during the attempt at issue believed an individual was inside the residence but never saw or communicated with the individual.[1] Petitioner's residence and the manner of service of process are undisputed. In an affidavit of service, Jones stated he posted the documents on the front door "after person(s) inside refused to answer door." In a subsequent affidavit, Jones stated he posted the docu-

---

1. Respondent contends we should apply the following factors to determine whether Petitioner's motion to set aside the judgment was properly granted: the promptness with which relief is sought, the reasons for the failure to act promptly, the existence of a meritorious defense, and the prejudice to the other parties are relevant. These factors do not apply to a motion made pursuant to Rule 60(b)(4), SCRCP. *See New Hampshire Ins. Co. v. Bey Corp.,* 312 S.C. 47, 50, 435 S.E.2d 377, 379 (Ct.App.1993) (listing the factors); *see, e.g., Hill v. Dotts,* 345 S.C. 304, 547 S.E.2d 894 (Ct.App.2001) (applying the factors to a motion made under Rule 60(b)(1), SCRCP); *Mictronics, Inc. v. S.C. Dep't of Revenue,* 345 S.C. 506, 548 S.E.2d 223 (Ct.App.2001) (same).

ments on the front door after determining a person was present inside the residence, knocking and calling out to the alleged occupant, determining the alleged occupant would not communicate with him, confirming one of the vehicles at the residence belonged to Petitioner, and calling out his intent to leave the papers.

Although there is no South Carolina case directly on point, we find *Patel v. Southern Brokers, Ltd.,* 277 S.C. 490, 289 S.E.2d 642 (1982), instructive. In *Patel,* the plaintiff attempted service of process under the long arm statute because the defendant was a North Carolina corporation. The summons and complaint were sent to the defendant by certified mail, return receipt requested. The plaintiff could not enter proof of service because the postal service returned the unopened envelope as refused. Noting "technical objections to service of process" had been overruled "where the defendant had not been denied due process," the Court found a defendant could not avoid process by refusing to accept registered mail known to contain a summons and complaint. Id. at 494, 289 S.E.2d at 645. Once the documents were made available to the defendant, "the mailman was not required to ram them down the Defendant's throat." Id. at 495, 289 S.E.2d at 645. The Court concluded the defendant had been served with process and the lower court had jurisdiction over the defendant.

The Court of Appeals' opinion in this case cited foreign authority which dealt with situations in which the process server left the summons and complaint on the door or doorstep of the defendant's residence after the process server talked to or had contact with an individual inside the residence who refused service. *See Taylor,* Op. No.2004–UP–513 (citing *Jacobson v. Garland,* 227 Ga.App. 81, 487 S.E.2d 640 (1997) (sufficient service of process found where process server told defendant's wife in a face-to-face encounter that he was serving process on her, defendant's wife closed the door without accepting the documents, and thereafter, process server left documents at the foot of the door and loudly announced he was leaving the documents); *Bossuk v. Steinberg,* 58 N.Y.2d 916, 460 N.Y.S.2d 509, 447 N.E.2d 56 (1983) (sufficient delivery found where the process server announced intention to leave the summons and complaint and left a copy of the documents outside the defendant's door after a person of suitable age and

discretion refused to open the door to accept service); *Wood v. Weenig,* 736 P.2d 1053 (Utah Ct.App.1987) (defendant was properly served when process server left summons and complaint on defendant's doorstep after an individual claiming to be defendant's daughter and over 14 years old refused to accept documents); *CRB v. State, Dep't of Family Servs.,* 974 P.2d 931 (Wyo.1999) (sufficient service of process found where after defendant refused to open the door, process server left the summons and complaint in defendant's mailbox and informed defendant he was being served)).

Unlike the foreign authority cited by the Court of Appeals, Jones merely speculated that an individual of suitable age and discretion was inside Petitioner's residence and was refusing to communicate with him during his attempts to serve process. Also, Petitioner did not refuse to accept a copy of the summons and complaint, unlike the defendant in *Patel.* Rather, there are no facts in the record to indicate Petitioner was even aware of the process server and his attempts to serve her. Petitioner was not properly served under these facts because Jones never saw or spoke to anyone who resided in Petitioner's residence nor did anyone refuse acceptance before Jones attached the summons and complaint to Petitioner's front door. *See generally Willoughby v. Seese Realty Inc.,* 421 So.2d 691 (Fla.Dist.Ct.App.1982) (statutory requirements for personal service were not met where the sheriff did not deliver the summons and complaint to the defendant but left a copy of the documents at the defendant's door); *Thomas v. Johnson,* 205 Ga.App. 753, 423 S.E.2d 306 (1992) (statutory requirements for personal service were not met where process server tacked the summons and complaint to the defendant's front door and process server never saw or talked to the defendant nor were there any facts to indicate the defendant was aware of the process server).

The process server is not required to ram the documents down a defendant's throat and personal service of process "should not become a game of wiles and tricks." 62B Am. Jur.2d *Process* § 190 (2005). However, there must be something more than a mere suspicion of a defendant's refusal to accept the summons and complaint before we are willing to

find a defendant was sufficiently served with process by a means other than strict compliance with Rule 4(d)(1), SCRCP.[2]

## CONCLUSION

We find the lower court abused its discretion in denying Petitioner's motion to set aside the judgment, and we reverse the Court of Appeals' decision. We remand for proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

---

**2.** We find it unnecessary to address Petitioner's argument regarding Rule 4(g), SCRCP. *See Whiteside v. Cherokee County School Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (appellate court need not address remaining issues when resolution of prior issues is dispositive).