THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State of South Carolina, Respondent,
 
 
 

v.

 
 
 
 Bryan Floyd, Defendant, and Beach Bonding Company, Bondsman, Palmetto Surety Corporation, Surety, Defendants,
 of whom Palmetto Surety Corporation is the Appellant.
 
 
 

AND

 
 
 
 The State of South Carolina, Respondent,
 
 
 

v.

 
 
 
 Boris V. Ojasoo, Defendant, and Beach Bonding Company, Bondsman, Palmetto Surety Corporation, Surety, Defendants,
 of whom Palmetto Surety Corporation is the Appellant. 
 
 
 

AND

 
 
 
 The State of South Carolina, Respondent,
 
 
 

v.

 
 
 
 Ronald Scott Renwrick, Defendant, and Beach Bonding Company, Bondsman, Palmetto Surety Corporation, Surety, Defendants,
 of whom Palmetto Surety Corporation is the Appellant.
 
 
 

Appeal From Horry County
 Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2007-UP-121
Submitted March 1, 2007  Filed March 15, 2007

AFFIRMED

 
 
 Robert T. Williams, Sr., of Williams, Steigner & Brink, P.A., of Lexington, for Appellant.
 Solicitor Bradley C. Richardson of Conway, for Respondent.
 
 

PER CURIAM:  This case is an appeal from a bond estreatment matter involving several defendants.[1]  Palmetto Surety Corporation (Palmetto Surety) appeals from orders of the circuit court (1) denying Palmetto Suretys motions for relief of judgment and (2) affirming consent orders partially estreating the bonds on defendants Bryan Floyd, Ronald Scott Renwrick, and Boris V. Ojasoo.  We affirm.[2]
FACTUAL/PROCEDURAL BACKGROUND
In September and October 2003, Priscilla Spivey signed appearance recognizance bonds as surety on behalf of the above named defendants.  Each bond noted the name of the surety company as Beach Bonding Company, and attached Powers of Attorney from Palmetto Surety appointing the below named agent, Spivey, as Palmetto Suretys attorney-in-fact to execute and deliver on its behalf, as surety, a bail bond.  All three of the defendants failed to appear in court as required and Notices of Forfeited Recognizance were filed in the Clerk of Courts office on February 24, 2004 as to each defendant.  A bond estreatment hearing was scheduled regarding all three defendants for April 5, 2004.  However, in lieu of a hearing, the parties reached a settlement and on April 16, 2004, entered into consent orders, estreating $4,500 on each defendants bond.  Each of the consent orders was signed by Spivey, as representative for Beach Bonding Company and for Palmetto Surety.  
On December 9, 2004, Palmetto Surety filed a motion for relief of judgment pursuant to Rule 60, SCRCP asserting, among other things, that Palmetto Surety had not been properly notified of the bond estreatment hearing, that the bond itself was not properly signed so as to bind Palmetto Surety, and Palmetto Surety did not authorize the signing of the consent order.  A hearing was held on the motion on January 5, 2006.  At that time, Palmetto Surety argued (1) that it did not authorize the signing of the consent orders; (2) that it did not owe the money to begin with because Spivey did not sign the bonds themselves as an agent for Palmetto Surety and the attached Powers of Attorney were merely exhibits that failed to indicate Palmetto Surety accepted the underwriting of the bonds; and (3) the notices of recognizance sent to Palmetto Surety were insufficient to put Palmetto Surety on notice that it had reason to attend the bond estreatment hearing.  The State countered, if the court found notices of the bond estreatment hearings were proper, Palmetto Surety should have appeared at that time to argue there was no agency relationship to bind Palmetto Surety and, having failed to appear, Palmetto Surety waived the issue.  The State further argued that there was an existing express agency relationship between Beach Bonding and Palmetto Surety and Palmetto Surety was required to file paperwork with the clerk of court to relieve it of that relationship with Beach Bonding.
The trial court orally ruled that the records filed with the clerk of court and documentation provided by the State indicated that proper notice was given to Palmetto Surety, that no representative appeared on its behalf to argue against Spiveys authority or the bond forfeiture request, and Palmetto Surety therefore waived any arguments regarding Spiveys authority when it failed to appear and present evidence at the hearing.  The court additionally found that Spivey did have authority to bind Palmetto Surety as she had an established business relationship representing Palmetto Surety in these matters, and that documentation had been filed with the clerk of court indicating, at that time, Spivey had authority to write bonds that were backed by Palmetto Surety, and there had been no filing with the clerk of court that withdrew that authority.  The trial court also found Palmetto Surety had given Spivey Powers of Attorney documentation thereby establishing an apparent agency such that Spivey had the authority to enter into the consent orders.  By written order dated January 17, 2006, the trial court held that notice of the April 5, 2004 bond estreatment hearings was proper as to both Beach Bonding and Palmetto Surety, as the notices were sent by certified return receipt mail to each party, and because any agency argument should have been made at that hearing, such argument was deemed waived.  The court further held, assuming arguendo that the agency argument was properly raised at the motion for relief of judgment hearing, an agency relationship between the bondsman and Palmetto Surety did exist at the time and that the Powers of Attorney and bonds were properly executed so as to bind the bondsman and Palmetto Surety.  Accordingly, the court determined the motions for relief of judgment should be denied, and it affirmed the estreatment of $4,500 as to each defendant's bond.  
STANDARD OF REVIEW
Whether to grant or deny a motion under Rule 60(b)[3] lies within the sound discretion of the judge.  BB & T v. Taylor, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006).  This courts standard of review is therefore limited to determining whether the trial court committed an abuse of discretion.  Id. at 551, 633 S.E.2d at 502-03.  An abuse of discretion arises where the trial courts ruling is controlled by an error of law or where it is based on factual conclusions that are without evidentiary support.  Id. at 551, 633 S.E.2d at 503.
LAW/ANALYSIS
Palmetto Surety couches its appeal as to each of the defendants bonds in a single issue, asserting that the trial court erred in estreating [each of the defendants] bond[s] and in requiring Palmetto Surety Corporation to be responsible for same where [Palmetto Surety was] not a party properly noted on the notice of forfeiture recognizance nor [was Palmetto Surety] properly noted on the bond instrument itself and [Palmetto Surety] was not subject to the consent order signed by Priscilla Spivey.  It argues that the notices of recognizance failed to include Palmetto Surety in the caption of the notices, as well as on the face of the notices indicating the parties to whom they were addressed.  Palmetto Surety further maintains that Spivey signed the bonds only as surety for Beach Bonding, and the attached Powers of Attorney reveal her authority was limited as they appointed her only to execute the bond, and specified Spivey was not authorized to act as agent for receipt of service of process.  Palmetto Surety contends, because it was not summoned as required by statute, the notice mailed to it was insufficient to bind it.    
The trial court based its ruling on two alternative grounds: (1) that Palmetto Surety received notice of the bond estreatment hearings in these matters and therefore waived any issue as to the existence of an agency relationship when it failed to appear and argue the issue at the bond estreatment hearings and (2) even if the agency argument was properly raised in the motion for relief hearing, an agency relationship did in fact exist so as to bind Palmetto Surety.  The trial courts oral ruling found that Spivey had authority to bind Palmetto Surety based on her established business relationship representing Palmetto Surety in these matters, as well as the existence of documentation that had been filed with the clerk of court indicating she had authority to write bonds that were backed by Palmetto Surety but for which there was no subsequent filing with the clerk of court to withdraw that authority.  The trial court also determined Palmetto Surety had given Spivey Powers of Attorney documentation establishing an apparent agency.  Accordingly, the court held Spivey had the authority to enter into the consent orders.  
We hold Palmetto Surety has failed to challenge the trial courts alternative finding on the existence of an agency relationship.  In its brief, Palmetto Surety asserts that it was not subject to the consent orders signed by Spivey.  It does so, however, in a conclusory manner and does not specifically challenge the trial courts finding that an agency relationship existed between the bondsman and Palmetto Surety which acted to bind Palmetto Surety.  Houck v. State Farm Fire and Cas. Ins. Co., 366 S.C. 7, 17 n. 5, 620 S.E.2d 326, 332 n. 5 (2005) (noting an issue is abandoned if the appellants brief treats it in a conclusory manner).  
The closest Palmetto Surety comes to arguing against an agency relationship appears to be its assertion that the Powers of Attorney did not authorize Spivey to sign the consent orders on its behalf.  The thrust of Palmetto Suretys argument as to agency in this regard is that, because Spivey signed the bond instruments themselves only as surety for Beach Bonding and not Palmetto Surety, and because the Powers of Attorney attached to the bonds revealed the authority of Spivey is limited to appearance bond . . . .[and Spivey]  is appointed only to execute the bond consistent with that power, the power did not authorize  . . . anything beyond signing the bond itself, thereby rendering the consent orders ineffective to bind Palmetto Surety.  (emphasis in original)  Palmetto does not, however, challenge the trial courts findings of an agency relationship based on the established relationship between the bondsman and Palmetto Surety, nor on the documentation of that relationship filed with the clerk of court along with the lack of any filing regarding the withdrawal of that agency relationship.  Thus, even if we were to find Palmetto Suretys argument sufficient to challenge the courts finding of apparent authority based on the Powers of Attorney, Palmetto Surety has failed to argue against the trial courts determination that an agency relationship existed as a result of the established relationship between Spivey and Palmetto Surety, as well as its finding of agency based on the documents filed with the clerk of court.  Further, the argument Palmetto Surety raises on appeal regarding the limited authority accorded Spivey by the Powers of Attorney was never argued below.[4]  Because Palmetto Surety did not argue to the trail court that Spiveys authority was limited by the Powers of Attorney, this argument is not preserved for our review.  Taylor v. Medenica, 324 S.C. 200, 216, 479 S.E.2d 35, 43 (1996) (noting an issue not raised in the trial court will not be considered on appeal;  an issue is not preserved if a party argues one ground for objection at trial and another ground on appeal).  
As there is no other argument made by Palmetto to challenge the trial courts ruling on the agency relationship, this finding by the trial court is affirmed.  South Carolina Tax Commn v. Gaston Copper Recycling Corp., 316 S.C. 163, 170, 447 S.E.2d 843, 847 (1994) (holding an appellate court will affirm where an appellant fails to appeal the alternative ground of a trial courts ruling);  Biales v. Young, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993) (holding the failure to challenge an alternative ground for a holding constitutes abandonment of the issue and precludes consideration on appeal).  Because we affirm the trial courts ruling on the agency issue, we need not address Palmetto Suretys argument regarding notice of the bond estreatment hearing.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive.).
CONCLUSION
In conclusion, we hold Palmetto Surety failed to challenge the trial courts ruling that an agency relationship did in fact exist such that Spivey had authority to bind Palmetto Surety.  Because Palmetto Surety failed to challenge this alternative ground, the orders below are
AFFIRMED.
HUFF, BEATTY, and WILLIAMS, JJ., concur.

[1] Because these matters were heard at the same time, in the same hearing, resulting in the same transcript, and involve the same issues, we have consolidated these cases on appeal.  See Rule 214, SCACR (Where there is more than one appeal from the same order, judgment, decision or decree, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order the appeal to be consolidated.).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] While Palmetto Surety did not specify whether it was moving from relief of judgment under Rule 60(a) or (b), SCRCP, it is clear Palmetto Surety never asserted there was any clerical mistake that would entitle it to relief under Rule 60(a).  We therefore treat the motions as having been brought pursuant to Rule 60 (b), SCRCP, which provides relief of final judgment for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence;  (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, or is based upon a prior judgment which has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.
[4] Before the trial court, Palmetto Surety only argued it was never liable on the bonds themselves because Spivey failed to sign on behalf of Palmetto Surety on the face of the bonds, an issue it does not continue to maintain on appeal.