THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Pinnacle
 Condominium Association, Inc., Plaintiff,
 v.
 Drake
 Development Corporation, a South Carolina Corporation, McDevitt Street Bovis,
 Inc., and E. Ralph Walden & Associates, Defendants,
 v.
 ISPO, Inc.,
 Shields, Inc., Ballenger Glass Service, Inc., Weathergard, Inc., and Rebarco,
 Inc., Third-Party
 Defendants,
 of whom
 Shields, Inc. is the Appellant
 and McDevitt
 Street Bovis, Inc. is the Respondent.
 
 
 

Appeal From Horry County
 Steven H. John, Circuit Court Judge
 John L. Breeden, Circuit Court Judge
Unpublished Opinion No. 2010-UP-310
Heard April 15, 2010  Filed June 11, 2010
Withdrawn, Substituted, and Refiled June
 18, 2010
REVERSED

 
 
 
 Robert T. Lyles and Jason A. Pittman, of Charleston, for Appellant.
 Joseph S. McCue, Christian Stegmaier, and Amy L. Neuschafer, of
 Columbia, for Respondent.
 
 
 

PER
 CURIAM:  Shields, Inc. (Shields)
 appeals orders of the circuit court granting relief from a prior order
 dismissing the case and granting summary judgment in favor of Respondent
 McDevitt Street Bovis, Inc. (McDevitt).  Shields argues that the court erred in
 granting McDevitt's request for relief under Rule 60(b), SCRCP, by finding the
 dismissal was void ab initio and by denying application of Shields' defenses because
 of Shields' unclean hands.  We reverse.
FACTS/PROCEDURAL HISTORY
This
 appeal arises out of the construction of a nine story, fifty-four unit
 condominium apartment complex in North Myrtle Beach, known as Pinnacle. 
 McDevitt was the general contractor for the original construction and hired
 Shields as a subcontractor.  In 1989, McDevitt and the Pinnacle Condominium
 Association, on behalf of all of the individual unit owners, signed a release
 wherein Pinnacle released McDevitt from liability resulting from certain
 construction defects in return for a settlement payment.  As part of the
 release, Pinnacle assigned to McDevitt any claims it might have against
 Shields.
In 1990, McDevitt
 filed a lawsuit against Shields for defects in the installation of synthetic
 stucco (R-Wall) at Pinnacle.  In its complaint, McDevitt alleged Shields
 breached its contract by failing to construct the R-Wall in a good and
 workmanlike manner and by failing to repair the damages upon McDevitt's
 request.  A jury awarded McDevitt actual damages, attorney's fees, and costs.  Before
 the matter could be decided on appeal, McDevitt and Shields entered into a
 settlement agreement and mutual release in 1993.
In
 1997, the Pinnacle Condominium Association filed a new lawsuit, which is the
 subject of the present appeal, against the developer, the architect, and
 McDevitt as the general contractor.  Pinnacle alleged installation and
 construction defects in the exterior wall system.  McDevitt subsequently filed
 a third-party complaint against Shields and four other subcontractors. 
 McDevitt alleged it was entitled to indemnification against the claims Pinnacle
 asserted regarding Shields' work.  Alternatively, McDevitt alleged Shields
 breached its subcontract and/or warranties, owed McDevitt a defense and
 indemnification, and owed contribution if Pinnacle's allegations proved to be
 correct.
In
 1998, the case was assigned to the Honorable John L. Breeden, Jr.  McDevitt
 filed a motion for summary judgment, which Judge Breeden granted after a
 hearing.  The order, filed August 8, 2000, granted summary judgment in favor of
 McDevitt for contractual indemnity and collateral estoppel and denied Shields'
 motion for summary judgment.  On August 17, 2000, Shields filed a motion to
 alter or amend pursuant to Rule 59(e), SCRCP, and an amended motion
 approximately one week later.
On
 April 2, 2001, Shields' attorney wrote Judge Breeden a letter asking him to
 rule on the pending Rule 59(e) motion.  Shields' attorney wrote Judge Breeden
 another letter on May 10, 2001, asking him to hear the pending Rule 59(e) motion. 
 In December of 2001, Judge Breeden signed an order dismissing all of the claims
 in the action except for McDevitt's third-party claims against Shields and two
 other subcontractors.  
On
 May 17, 2002, Shields' attorney again wrote Judge Breeden asking him to set the
 pending motion for hearing.  On June 28, 2002, the Honorable Steven H. John
 signed a Form 4 order dismissing the action pursuant to Rule 43(k), SCRCP,
 which was filed on July 3, 2002.  On August 27, 2002, McDevitt filed a motion
 pursuant to Rule 60(b), SCRCP, asking the court to reinstate the case because
 the 2002 dismissal was entered on the mistaken assumption that all claims in
 the action had settled.  Judge Breeden signed an order filed September 11,
 2002, reopening the case without holding a hearing.  In the meantime, the
 pending Rule 59(e) motion was scheduled for a hearing but was continued upon Shields'
 request on October 1, 2002.
On
 January 17, 2003, McDevitt's attorney wrote Shields' attorney, asking for
 available times to schedule the Rule 59(e) motion for a hearing.  On July 1,
 2003, Shields' attorney wrote Judge Breeden again, asking him to reschedule
 Shields' Rule 59(e) motion.  On July 3, 2003, the Clerk filed another Form 4
 order that had been signed by Judge John on June 27, 2003, dismissing the
 action again pursuant to Rule 43(k), SCRCP (the 2003 Dismissal).  McDevitt did
 not file a Rule 59(e) motion to alter or amend the 2003 Dismissal; instead, it
 filed another Rule 60(b), SCRCP, motion on August 19, 2003, asking the court to
 reinstate the case again because of mistake.  
After
 almost three years of inactivity, attorney Joseph McCue sent a letter to the
 Clerk of Court on May 25, 2006, asking for a hearing on McDevitt's second Rule
 60(b) motion.  Shields' attorney responded in a letter to the Clerk dated June
 9, 2006, and argued that McCue was not McDevitt's attorney of record and that the
 case had been dismissed in 2003.  On June 29, 2006, McCue sent a proposed
 consent order to substitute counsel to the Clerk, which was never signed.
The
 case remained dormant until January 16, 2008, when McCue sent a letter to the
 Clerk of Court memorializing a telephone conversation with the nonjury docket
 coordinator and setting the motion for a hearing on February 4, 2008.  On March
 18, 2008, McCue sent another consent order to substitute counsel to the Clerk,
 along with the required filing fee.  On March 20, 2008, Judge John heard
 arguments on McDevitt's second Rule 60(b) motion and Shields' rule 59(e) motion. 
 Judge John granted McDevitt's Rule 60(b) motion for relief, found the 2003 Dismissal
 void ab initio, and denied Shields' Rule 59(e) motion due to the impossibility
 of a rehearing.  This appeal followed.
STANDARD OF
 REVIEW
The
 decision to grant or deny a Rule 60(b) motion is within the sound discretion of
 the trial judge.  BB&T v. Taylor, 369 S.C. 548, 551, 633 S.E.2d 501,
 502 (2006).  The appellate standard of review is limited to determining whether
 there was an abuse of discretion.  Id. at 551, 633 S.E.2d at 502-03.  An
 abuse of discretion occurs when the order of the court is controlled by an
 error of law or where the order is based on factual conclusions that are
 without evidentiary support.  Sundown Operating Co. v. Intedge Indus., Inc.,
 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009).  
ANALYSIS
Shields argues the
 trial court erred in finding the 2003 Dismissal was void ab initio instead of
 merely being voidable; thus, because the order is only voidable, Shields is
 entitled to raise certain legal and equitable defenses.  We agree.
1.  As to whether the trial court
 erred in finding the 2003 Dismissal void ab initio:  Although the court did not
 explicitly base its ruling on Rule 60(b)(4), SCRCP, we proceed as if the trial
 court granted McDevitt's motion on that basis.  We find the 2003 Dismissal is
 not void because the circuit court has jurisdiction to determine contractual
 disputes; therefore, the trial court's ruling was an error of law.  See Rule 60(b)(4), SCRCP (setting forth the circumstances in which a party may
 obtain relief from a final judgment when that judgment is void); Thomas
 & Howard Co. v. T.W. Graham & Co., 318 S.C. 286, 291, 457 S.E.2d
 340, 343 (1995) ("A void judgment is one that, from its inception, is a
 complete nullity and is without legal effect and must be distinguished from one
 which is merely 'voidable.' . . . Generally, a judgment is void only if a court
 acts without jurisdiction."); S.C. Const. art. V, § 11 (2009) (delineating
 the jurisdiction of the circuit court); Capital City Ins. Co. v. BP Staff,
 Inc., 382 S.C. 92, 100, 674 S.E.2d 524, 528 (Ct. App. 2009) (defining
 subject matter jurisdiction as the power to hear and determine cases of the
 general class to which the proceedings in question belong).
2.  As to whether the trial court
 erred in finding Shields had unclean hands:  We find Shields did not have a
 duty to ask for a hearing on McDevitt's motion; therefore, the trial court's
 refusal to consider Shields' defenses was an error of law.  See Don
 Shevey & Spires, Inc. v. Am. Motors Realty Corp., 279 S.C. 58, 60, 301
 S.E.2d 757, 759 (1983) ("While a defendant may bring about an expeditious
 trial of a case, he has no legal obligation to do so; except to meet such
 actions as are taken by the plaintiff, he may remain passive.") (internal
 citation and quotation omitted).
3.  As to Shields' defense of waiver: 
 We find McDevitt waived its right to assert its Rule 60 motion when it
 abandoned the case for several years by failing to pursue a hearing or ruling
 on the motion and/or by failing to diligently pursue its case.  See Dep't
 of Soc. Servs. v. Mrs. H., 346 S.C. 329, 334, 550 S.E.2d 898, 901 (Ct. App.
 2001) (concluding defendants waived and abandoned their opportunity for a
 hearing on a Rule 60 motion when seven years elapsed between the filing of the
 motion and the hearing on the motion); Strickland v. Strickland, 375
 S.C. 76, 85, 650 S.E.2d 465, 470 (2007) (holding waiver is the "voluntary
 and intentional relinquishment or abandonment of a known right.")
 (internal quotation omitted); Janasik v. Fairway Oaks Villas Horizontal
 Prop. Regime, 307 S.C. 339, 344, 415 S.E.2d 384, 387-88 (1992) (finding the
 party claiming waiver must show the other party possessed, at the time, actual
 or constructive knowledge of his rights or of all the material facts upon which
 they were dependent).
4.  Due to our disposition herein, we
 need not address any remaining issues on appeal.  See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (noting an appellate court need not address the remaining issues on
 appeal when the disposition of a prior issue is dispositive).
REVERSED.
PIEPER
 and GEATHERS, JJ., and CURETON, A.J., concur.