THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William Ritter, Respondent,
 v.
 William Hurst,
 et al., Defendants,
 Of whom William
 Hurst is the Appellant.
 
 
 

Appeal From Aiken County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-152
 Submitted April 1, 2011  Filed April 12,
2011    

AFFIRMED

 
 
 
 Brian Austin Katonak, of Aiken, for Appellant.
 Marsha M. Banks, of Aiken, for Respondent.
 
 
 

PER
 CURIAM: William Hurst
 appeals the trial court's denial of his motion for relief from judgment.  Hurst argues the following: (1) the trial court lacked
 jurisdiction because of the failure to properly publish the summons; (2) the
 trial court lacked jurisdiction because Hurst did not receive proper notice of
 the hearing; and (3) the trial court erred in failing to grant relief under
 Rule 60(b), SCRCP, for Hurst's excusable neglect.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether
 the trial court lacked jurisdiction because of improper service of process: Fin.
 Fed. Credit, Inc. v. Brown, 384 S.C. 555, 564, 683 S.E.2d 486, 491 (2009) ("[S]ervice
 [of process] confers personal jurisdiction."); Bakala v. Bakala,
 352 S.C. 612, 629, 576 S.E.2d 156, 165 (2003) ("Objections to personal
 jurisdiction, unlike subject matter jurisdiction, are waived unless raised."); Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546
 (2000) ("[A]n issue cannot be raised for the first time on appeal, but
 must have been raised to and ruled upon by the trial court to be preserved for
 appellate review.").  
2. As to
 whether the trial court lacked jurisdiction because of improper notice: Staubes,
 339 S.C. at 412, 529 S.E.2d at 546 ("[A]n issue cannot be raised for the
 first time on appeal, but must have been raised to and ruled upon by the trial
 court to be preserved for appellate review.").
3. As to
 whether the trial court erred in denying Hurst's motion for relief from
 judgment: BB & T v. Taylor, 369 S.C. 548, 552, 633 S.E.2d 501, 503
 (2006) ("The movant in a Rule 60(b) motion has the burden of presenting evidence
 proving the facts essential to entitle her to relief."); id. at
 551, 633 S.E.2d at 502-03 (holding the decision to grant or deny a motion made
 pursuant to Rule 60(b) is within the sound discretion of the trial court and the
 appellate standard of review is limited to determining whether the trial court
 abused its discretion); Gainey v. Gainey, 382 S.C. 414, 423, 675 S.E.2d
 792, 797 (Ct. App. 2009) (holding an abuse of discretion occurs when the order
 of the court is controlled by an error of law or when the order is based on
 factual findings that are without evidentiary support).   
AFFIRMED.

FEW, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.