THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 LaSalle Bank National Association, as Trustee for the registered holders of Structured Asset Securities Corporation, Structured Asset
 Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-11, Respondent,
 v.
 Laura Toney, Appellant.
 
 
 

Appeal From Lee County
 Richard L. Booth, Special Referee

Unpublished Opinion No. 2011-UP-334
Submitted June 1, 2011  Filed June 27, 2011

AFFIRMED

 
 
 
 Laura Toney, pro se, of Bishopville.
 H. Guyton Murrell, of Columbia, for Respondent.
 
 
 

PER CURIAM: Laura Toney appeals the special referee's denial of her motion for relief from a foreclosure order pursuant to Rule 60(b), SCRCP. 
Toney argues the special referee erred in finding Toney had no meritorious defense and in failing to grant relief based on mistake and excusable neglect.
 We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 60(b), SCRCP ("On
motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake,
inadvertence, surprise, or excusable neglect."); BB&T v. Taylor, 369 S.C. 548, 552, 633 S.E.2d 501, 503 (2006) ("The movant in a Rule 60(b)
motion has the burden of presenting evidence proving the facts essential to entitle her to relief."); id. at 551, 633 S.E.2d at 502 ("Whether
to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge. [The appellate] standard of review, therefore, is limited to
determining whether there was an abuse of discretion. An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where
the order is based on factual conclusions that are without evidentiary support." (citations omitted)).
AFFIRMED.
SHORT, KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.