**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ronald Jarmuth, Appellant,

v.

The International Club Homeowners Association, Inc.; Rosemary Toth; and K.A. Diehl & Associates, Inc.; Respondents.

Appellate Case No. 2016-001063

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-275
Submitted May 1, 2018 – Filed June 27, 2018

———————

**AFFIRMED**

———————

Ronald Jarmuth, of Murrells Inlet, pro se.

Henrietta U. Golding and Alicia E. Thompson, both of McNair Law Firm, PA, of Myrtle Beach, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 12(b), SCRCP ("Every defense . . . to a cause of action in any pleading . . . shall be asserted in the responsive pleading thereto if one is required,

except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . ."); *id.* ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."); Rule 7(a), SCRCP ("There shall be . . . a reply to a counterclaim denominated as such . . . ."); *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b)[, SCRCP,] lies within the sound discretion of the [circuit court]."); *id.* at 551, 633 S.E.2d at 502-03 ("Our standard of review, therefore, is limited to determining whether there was an abuse of discretion."); *id.* at 551, 633 S.E.2d at 503 ("An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."); *Martin v. Paradise Cove Marina, Inc.*, 348 S.C. 379, 384, 559 S.E.2d 348, 351 (Ct. App. 2001) ("A question of subject matter jurisdiction is a question of law for the court."); *Metts v. Mims*, 384 S.C. 491, 498, 682 S.E.2d 813, 817 (2009) ("[S]ubject[-]matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong."); S.C. Const. art. V, § 11 ("The [c]ircuit [c]ourt shall be a general trial court with original jurisdiction in civil . . . cases, except those cases in which exclusive jurisdiction shall be given to inferior courts . . . ."); S.C. Code Ann. § 15-53-20 (2005) ("Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed."); S.C. Code Ann. § 14-5-10 (2017) ("The circuit courts . . . shall be courts of record . . . ."); S.C. Code Ann. § 15-53-30 (2005) ("Any person interested under a deed, . . . written contract or other writings constituting a contract or whose rights, status or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument . . . [or] contract . . . and obtain a declaration of rights, status or other legal relations thereunder."); Rule 53(b), SCRCP ("In an action where the parties consent, . . . some or all of the causes of action in a case may be referred to a . . . special referee by order of a circuit judge . . . ."); Rule 53(c), SCRCP ("Once referred, the . . . special referee shall exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.