**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Seabrook Island Property Owners Association,
Respondent,

v.

Charles Kelley a/k/a Charles E. Kelley; Deborah Kelley a/k/a Deborah L. Kelley; Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for Chase Mortgage Company, its successors and assigns, a Delaware Corporation; and Spinnaker Beach House Owners Association, Defendants,

Of whom Charles Kelley a/k/a Charles E. Kelley and Deborah Kelley a/k/a Deborah L. Kelley are the Appellants,

And of which Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for Chase Mortgage Company, its successors and assigns, a Delaware Corporation; and Spinnaker Beach House Owners Association are also Respondents.

Appellate Case No. 2018-000260

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2020-UP-075
Submitted January 1, 2020 – Filed March 18, 2020

# AFFIRMED

Jonathan Scott Altman, of Derfner & Altman, LLC, of Charleston, for Appellants.

R. Hawthorne Barrett, of Turner Padget Graham & Laney, PA, of Columbia, and Kristen Nicole Nichols, of Turner Padget Graham & Laney, PA, of Charleston, both for Respondent Seabrook Island Property Owners Association.

Stephanie Carol Trotter, of McCabe, Trotter & Beverly, P.C., of Columbia, for Respondent Spinnaker Beach House Owners Association.

Hal Eugene Cobb, of Cobb, Dill & Hammett, LLC, of Mt. Pleasant, for Respondent 749 Spinnaker, LLC.

Louise Myers Johnson, of Scott and Corley, P.A., of Columbia, for Respondent Mortgage Electronic Registration Systems, Inc.

**PER CURIAM:** Charles and Deborah Kelley appeal the master-in-equity's denial of their motion to set aside the entry of default and vacate the judgment of foreclosure sale and master's deed, arguing the master erred by finding (1) it was undisputed they were properly served with the complaint and (2) the omission of the complaint from two affidavits of the process server was not a scrivener's error. Because the amended service affidavits include the complaint in the list of documents served on the Kelleys, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *BB&T v. Taylor,* 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b)[, SCRCP] lies within the sound discretion of the [Master]."); *id.* at 551, 633 S.E.2d at 502-03 ("[An appellate court's] standard of review, therefore, is limited to determining whether there was an abuse of discretion."); *id.* ("An abuse of discretion arises where the [Master] issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.