**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph C. Sun, Appellant,

v.

Town of Bluffton, Bluffton Police Department, Bryan Norberg, Angela Tubbs, Joseph Babkiewicz, Claudia Hebda, Jeffrey Dickson, and Christian Gonzales, Respondents.

Appellate Case No. 2017-002270

———————

Appeal From Beaufort County
William P. Keesley, Circuit Court Judge,
Marvin H. Dukes, III, Special Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-123
Submitted April 1, 2020 – Filed April 29, 2020

———————

**AFFIRMED**

———————

Joseph C. Sun, of Bluffton, pro se.

Ernest Mitchell Griffith and Hillary Grace Meyer, of Griffith Freeman & Liipfert, LLC, of Beaufort, for Respondents.

———————

**PER CURIAM:**  Joseph Sun appeals six orders of the circuit court arising out of his lawsuit against the Town of Bluffton, the Bluffton Police Department, Bryan Norberg, Angela Tubbs, Joseph Babkiewicz, Claudia Hebda, Jeffrey Dickson, and Christian Gonzales (collectively, Respondents).[1]

Sun argues the circuit court erred in denying his Rule 60(b)(3), SCRCP, motion because Respondents perpetrated a fraud upon the court.  We disagree and affirm the ruling of the circuit court pursuant to Rule 220(b), SCACR, and the following authorities: *BB&T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b)[, SCRCP] lies within the sound discretion of the [circuit court]."); *Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 18, 594 S.E.2d 478, 482 (2004) (holding this court's standard of review "is limited to determining whether there was an abuse of discretion"); Rule 60(b)(3), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from final judgment, order, or proceeding for the following reasons: . . . fraud, misrepresentation, or other misconduct of an adverse party . . . ."); *BB&T*, 369 S.C. at 552, 633 S.E.2d at 503 ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle [him] to relief."); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 47, 590 S.E.2d 502, 504 (Ct. App. 2003) ("Fraud upon the court is a narrow and invidious species of fraud that 'subvert[s] the integrity of the [c]ourt itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" (first alteration by court) (quoting *Chewning v. Ford Motor Co.*, 354 S.C. 72, 78, 579 S.E.2d 605, 608 (2003))); *id.* at 47, 590 S.E.2d at 505 ("[P]roving fraud upon

---

[1] On January 26, 2018, this court dismissed Sun's appeals pertaining to five orders of the circuit court dated May 24, 2017; December 7, 2016; December 28, 2015; April 17, 2015; and December 10, 2014; because Sun failed to timely serve the notice of appeal from these orders.  *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment.").  Sun failed to timely file a petition for rehearing in response to this court's order of dismissal.  *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court.").  Accordingly, this court will take no further action on Sun's arguments relating to these five orders of the circuit court or this court's order of dismissal.

the court requires showing the perpetrator acted with the intent to defraud, for there is no such thing as accidental fraud.").

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.