**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jimmy Shaver, Respondent,

v.

Donnie Shaver, Appellant.

Appellate Case No. 2021-000480

———————

Appeal From York County
Teasa Kay Weaver, Master-in-Equity

———————

Unpublished Opinion No. 2023-UP-287
Submitted June 1, 2023 – Filed August 9, 2023

———————

**AFFIRMED**

———————

John Martin Foster, of Rock Hill, for Appellant.

Stephen D Schusterman, of Schusterman Law Firm, of
Rock Hill, for Respondent.

———————

**PER CURIAM:** Donald Shaver (Donald) appeals the Master-in-Equity's (the Master's) denial of his motion for relief from default judgment. On appeal, Donald argues the Master erred by (1) declining to recognize his failure to respond to the complaint affected only matters well-pled in the complaint, (2) refusing to allow him to present defenses on matters outside of the complaint, and (3) abusing its discretion by denying him relief under Rule 60(b), SCRCP. We affirm.

1.  We hold Donald's first and second arguments are not preserved for review because Donald failed to object to Jimmy Shaver's (Jimmy's) testimony at the default damages hearing. *See Doe v. S.B.M.*, 327 S.C. 352, 356-57, 488 S.E.2d 878, 880-81 (Ct. App. 1997) (holding the appellant's failure to object to the introduction of evidence at a default damages hearing waives the issue on appeal); *State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) ("A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law.").

2.  We hold the Master did not abuse its discretion by denying Donald's motion for relief from default judgment. *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge."); *id.* at 551, 633 S.E.2d at 502-03 ("[This court's] standard of review, therefore, is limited to determining whether there was an abuse of discretion."); *id.* at 551, 633 S.E.2d at 503 ("An abuse of discretion arises [when] the judge issuing the order was controlled by an error of law or [when] the order is based on factual conclusions that are without evidentiary support."). Donald contends Jimmy's affidavit of default was misleading and Jimmy committed extrinsic fraud by failing to disclose that Donald provided Jimmy's attorney with a letter from Donald's insurance company that denied coverage for the repairs for which Jimmy sought payment. Initially, we hold the insurance letter did not constitute an answer because it did not specifically address any of the allegations in the complaint. *See Hill v. Dotts*, 345 S.C. 304, 308, 547 S.E.2d 894, 896 (Ct. App. 2001) (holding a letter written on behalf of the defendant did not constitute an answer because it did "not mention or deny any of the fourteen specific allegations of negligence and recklessness set forth in [the] complaint.").

Furthermore, we hold the record supports a finding that Jimmy did not commit extrinsic fraud because Donald failed to demonstrate that Jimmy acted with intent to conceal the letter. *See Perry v. Heirs at L. of Gadsden*, 357 S.C. 42, 47, 590 S.E.2d 502, 504-05 (Ct. App. 2003) ("Like all other types of fraud, proving [extrinsic fraud] requires showing that the perpetrator acted with the intent to defraud, for there is no such thing as accidental fraud."). Finally, we hold Donald was not entitled to relief from default judgment under Rule 60(b) because he failed to demonstrate how the insurance letter constituted a meritorious defense and failed to act promptly in bringing the letter to the Master's attention. *See McClurg v. Deaton*, 380 S.C. 563, 573, 671 S.E.2d 87, 93 (Ct. App. 2008) ("[I]n determining whether to set aside a default judgment . . . the trial judge should

consider . . . (1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other parties."); *id.* at 574, 671 S.E.2d at 93 ("In particular, our courts have held that in order to obtain relief from a default judgment under Rule 60(b)(1) or 60(b)(3), not only must the movant make a proper showing he is entitled to relief based upon one of the specified grounds, he must also make a prima facie showing of a meritorious defense.").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.