**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Francisco Nicolas Miguel, Respondent,

v.

Palmetto Asset Investments, LLC, Gabriel Angel Prestegui Gomez, and A. Kevin Hunter II, Greenville County Tax Collector, Defendants,

Of which Palmetto Asset Investments, LLC is the Appellant.

Appellate Case No. 2022-001578

Appeal From Greenville County
Charles B. Simmons, Jr., Master-In-Equity

Unpublished Opinion No. 2025-UP-254
Submitted June 1, 2025 – Filed July 23, 2025

**AFFIRMED**

Carl Brent Hubbard, of Sullivan's Island, for Appellant.

M. Stokely Holder and Raford W. Bussey, Jr., both of Holder, Padgett, Littlejohn & Prickett, LLC, of Greenville, for Respondent.

**PER CURIAM:** Palmetto Asset Investments, LLC (Palmetto) appeals the master-in-equity's order striking Palmetto's rule to show cause motion, finding taxpayer Francisco Nicolas Miguel made a good faith effort to comply with the master's January 7, 2020 order voiding a tax sale and deed, and ordering Greenville County to provide Miguel with the total amount of delinquent taxes due and owing. On appeal, Palmetto argues the master erred in finding Miguel substantially complied with the requirements of the master's prior order. We affirm pursuant to Rule 220(b), SCACR.

We hold the master's decision to strike Palmetto's rule to show cause motion is the law of the case because it did not challenge this ruling in its final brief of appellant. *See First Union Nat. Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) ("[An] unchallenged ruling, right or wrong, is the law of the case and requires affirmance."). Further, we hold the master did not abuse his discretion in finding Miguel made a good faith effort to comply with the January 7, 2020 order in its consideration of Miguel's motion to enforce judgment and determine amount due. *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) ("An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.