1958

Charles L. BATES, Respondent v. Ted LEWIS, Bentley Development, Ltd., Greenhills Partnership, Ltd., Appellants.

(427 S.E. (2d) 907)

Court of Appeals

*James W. Bradford, Jr.* and *Louis H. Lang, Callison, Tighe, Robinson & Anastasion,* Columbia, *for appellants.*

*W. Duvall Spruill* of *Turner, Padget, Graham & Laney, P.A.,* Columbia, *for respondent.*

Heard Jan. 26, 1993; Decided Feb. 22, 1993.

Reh. Den. April 1, 1993.

*Per Curiam:*

Charles L. Bates sued Bentley Development, Ted Lewis, and Greenhills Partnership, Ltd. for breach of a settlement agreement. The court granted Bates's motion for summary judgment. The Bentley group made a Rule 59(e) motion to alter or amend judgment, which the court denied. The Bentley group appeals. We affirm.

The Bentley group hired Bates to do architectural work. After it failed to pay Bates for his services, Bates sued the Bentley group. The group informed Bates that it had serious financial difficulties, and even if Bates obtained a judgment, the group would probably not be able to pay it. It provided Bates with an internal financial statement. In reliance on this

statement, Bates agreed to settle his claim for a lesser sum. As part of the settlement, the Bentley group agreed to deliver an independent financial statement to confirm its internal statement. In addition, the Bentley group agreed to be jointly and severally liable to Bates for $60,000 if the internal financial statement, upon which Bates relied in agreeing to the settlement, contained material overstatements of liabilities or material omissions of assets. The agreement stated in pertinent part:

> The omission of any asset having a market value of over $5,000.00, or the overstatement of any liability in an amount of over $5,000.00 shall be deemed material.

The agreement also stated that once Bates received the independent financial statement from the group, Bates would have three months to determine whether the internal financial statement contained any material misrepresentations.

1. The Bentley group first argues the court erred in granting summary judgment, because a genuine issue of material fact exists as to whether Bates objected to the Bentley group's internal financial statement before the three-month deadline. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Hatchell v. Jackson*, 290 S.C. 256, 349 S.E. (2d) 407 (Ct. App. 1986). All ambiguities and inferences arising from the pleadings and admissions must be construed most strongly against the moving party. *Id.*

The settlement agreement required the Bentley group to retain an independent certified public accountant to conduct an audit and present it to Bates. The agreement also states: "If Charles L. Bates does not present a written objection [to the Bentley group's internal financial statement] within three months of the date he receives the [independent financial statement], he will have no further rights or remedies under this commitment." On November 9, 1989, the Bentley group's attorney wrote Bates a letter informing him the independent financial statement was complete and ready for review. However, the record shows the Bentley group delivered the independent financial report to Bates at the earliest on December

8, 1989. On March 7, 1990, within three months of receiving the documents, Bates sent a letter to the Bentley group informing it that its internal financial statement contained material overstatements and omissions based on a review of the independent financial statement.

The Bentley group's argument that Bates did not object within three months fails for two reasons. First, the settlement agreement makes the Bentley group responsible for presenting the independent report to Bates. The Bentley group did not present the report to Bates with its November 9th letter. The letter merely said the report was ready for review. Second, the agreement gives Bates three months from the date of receipt to object. The Bentley group does not contend Bates failed to object within three months of receipt.

2. The Bentley group also argues the court erred in granting summary judgment, because a genuine issue exists as to whether the Bentley group materially overstated liabilities or omitted material assets in its internal financial statement. Under the terms of the settlement agreement, the Bentley group is liable if its internal financial statement contains either a material overstatement of liabilities or an understatement of material assets.[1] The independent financial statement indicates that W. T. Gregory, a former Bentley Development partner, owes the partnership $203,000. The Bentley group's internal statement, however, did not include this account receivable as an asset.

The Bentley group contends it did not breach the settlement agreement by not including the $203,000 account receivable. It claims this asset has a market value of less than $5,000, because Gregory is unable to pay. However, the Bentley group noted on its internal financial statement that it owes

---

[1] The Bentley group also argues genuine issues of material fact exist, because: (1) the independent financial statement should not be conclusive as to whether it made a material mistake; and (2) the independent financial statement shows Bentley Development to be in worse financial shape than the internal financial statement. These arguments are manifestly without merit. The settlement agreement defines exactly what constitutes a breach. If a contract is unambiguous, extrinsic evidence cannot be used to give the contract a meaning different from that indicated by its plain terms. *C.A.N. Enterprises, Inc. v. South Carolina Health and Human Services Finance Commission,* 296 S.C. 373, 373 S.E. (2d) 584 (1988).

Gregory some portion of a $300,000 debt.[2] If the Bentley group on one hand claims that it owes Gregory, then it cannot argue on the other hand that the $203,000 account receivable owed to it by Gregory has not market value. It can use the $203,000 account receivable to set off the portion of the $300,000 debt owed by Gregory. The only reasonable inference is that the Bentley group breached the settlement agreement by failing to include the $203,000 account receivable due from Gregory. Although the lower court reached the same result by a different line of reasoning, we may affirm the judgment on the basis of any ground appearing in the record. *See* Rule 220(c), SCACR.

Affirmed.

---

[2] The court granted summary judgment largely because this notation constituted a material overstatement of a liability. The Bentley group, however, submitted an affidavit from an accountant who explained that a "notation" of liability does not constitute a "recognized" liability according to generally accepted accounting principles. Because we find an even stronger ground for affirming the grant of summary judgment, we decline to rule whether this affidavit creates a reasonable inference in the Bentley group's favor. We note, however, that if the Bentley group did not want Bates to recognize it had a $300,000 debt, it would not have noted it.