# OTHE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Porthemos Curry, Respondent/Appellant,

v.

Carolina Insurance Group of SC, Inc. and Maurice Derrick, Appellants/Respondents.

Appellate Case No. 2016-000986

---

Appeal From Richland County
Robert E. Hood, Circuit Court Judge
Jocelyn Newman, Circuit Court Judge

---

Opinion No. 5679
Heard May 16, 2019 – Filed August 21, 2019

---

## AFFIRMED

---

Wesley Dickinson Peel, of Bruner Powell Wall & Mullins, LLC, and Bryan Michael James Triplett, both of Columbia, for Appellants/Respondents.

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, and Rachel Gottlieb Peavy, of The McKay Firm, P.A., both of Columbia, for Respondent/Appellant.

---

**KONDUROS, J.:** In this cross-appeal involving an insurance contract, Carolina Insurance Group of South Carolina, Inc. (CIG) and Maurice Derrick (collectively, CIG/Derrick) appeal the circuit court's (1) grant of Porthemos Curry's motion for summary judgment as to their affirmative defense of release and (2) considering extrinsic evidence in dismissing their defense of release. Curry also appeals,

arguing the circuit court abused its discretion in granting CIG/Derrick's motion to amend their answer at trial to assert the affirmative defense of release. We affirm.

## FACTS/PROCEDURAL HISTORY

Derrick is a licensed insurance agent for CIG, an insurance agency. In August 2013, CIG/Derrick sold Curry a three-month vacant structure policy for a building he owned in Columbia. Curry purchased another vacant structure policy from CIG/Derrick with Scottsdale Insurance Company for the same building in December 2013. On February 21, 2014, a vehicle collided with the building, starting a fire that caused severe damage to the building. Scottsdale refused to pay the claim, asserting the policy had begun in November 2013 and had lapsed at the time of the accident.[1]

In July 2014, Curry brought an action against Scottsdale[2] and CIG/Derrick. Curry named CIG/Derrick as agents of Scottsdale and asserted causes of action for negligence, later amending the pleading to add claims for gross negligence in the procurement of the insurance policy.[3] In Scottsdale's answer, it stated CIG/Derrick were not "agents, servants[,] or employees o[f] Scottsdale" and "any injuries or damages sustained by [Curry] . . . were the result of the acts or omissions of others not in the employ or control of [Scottsdale]." In their answer, CIG/Derrick also denied they were agents of Scottsdale. Additionally, in Derrick's deposition on April 16, 2015, he testified he was not employed by Scottsdale and was not a producing agent for Scottsdale. In CIG's 30(b)(6), SCRCP, deposition on June 4, 2015, the president of CIG testified CIG had no relationship with Scottsdale.

In November 2015, Curry settled with Scottsdale and executed a release (the Release) in exchange for payment of $85,000 by Scottsdale. The Release, dated December 10, 2015, stated it released and "discharge[d] Scottsdale Insurance Company, its agents, servants, employees, successors[,] and assigns of and from any and all actions, causes of action, demands[,] and/or claims of whatsoever kind or nature prior to and including the date hereof." Attorneys for Curry, Scottsdale, and CIG/Derrick all signed a stipulation of dismissal as to Scottsdale only on

---

[1] The insurance policy—signed December 4, 2013—stated the policy period was from November 21, 2013, to February 21, 2014.

[2] Curry alleged causes of action against Scottsdale for breach of contract, statutory bad faith, and common law bad faith.

[3] Curry filed a second amended complaint on October 1, 2015.

December 10, 2015. The stipulation stated it did not affect Curry's case against the remaining defendants.

On April 15, 2016, CIG/Derrick filed a motion for summary judgment. They argued the Release amounted to a full compensation of Curry's claims and thus Curry was precluded from receiving any additional damages. On April 18, 2016, CIG/Derrick filed an amended motion for summary judgment, asserting, in addition to their previous argument, Curry's release of Scottsdale also released CIG/Derrick from liability. CIG/Derrick argued the language of the Release indicated Curry intended to release them in addition to Scottsdale because the Release included the agents of Scottsdale and Curry's complaint stated CIG/Derrick were agents of Scottsdale. CIG/Derrick asserted a party is bound by its pleadings and Curry could have changed his allegation when he filed his amended complaint after having conducted discovery in the case. Also on April 18, CIG/Derrick filed a motion to amend their answer to assert the affirmative defense of release. CIG/Derrick asserted that Curry's accepting the amount he agreed "represented the full amount of the policy benefits" precluded him from claiming additional damages later.

Also on April 18, 2016, Curry filed a motion for summary judgment on CIG/Derrick's affirmative defense of release, asserting the Release was unambiguous and only applied to Scottsdale. Curry also asserted the record contained no evidence CIG/Derrick were agents of Scottsdale and CIG/Derrick denied they were agents of Scottsdale. Curry also filed a memorandum in opposition to CIG/Derrick's motion for summary judgment. Curry argued CIG/Derrick's attorney signed the stipulation of dismissal as to Scottsdale, which stated it only applied to Scottsdale and Curry's "case against the remaining Defendants shall not be affected by this Dismissal." Additionally, Curry noted the Release did not mention CIG/Derrick. Further, Curry provided CIG/Derrick did not pay any money towards the Scottsdale settlement and also engaged in settlement negotiations up to the eve of trial, participated in discovery, and communicated with the circuit court about the scheduling of trial. Curry asserted that if CIG/Derrick believed they were released by Scottsdale's release, which they had known about since November 2015, they could have made the argument prior to the eve of trial. CIG/Derrick requested a copy of the Release on April 8, 2016, and Curry gave them a copy, after which settlement negotiations and depositions continued.

The trial between Curry and CIG/Derrick was set to be held April 18-19, 2016, and on April 18, the circuit court heard arguments on the motion to amend. The circuit

court orally granted CIG/Derrick's motion to amend their answer to assert the affirmative defense of release.[4] Due to the timing of the motion for summary judgment based on the release argument, the circuit court scheduled a hearing on the summary judgment motions for the following week with another circuit court judge and continued the trial until May 16.

A hearing on the motions for summary judgment was held on April 26, 2016. The circuit court denied CIG/Derrick's motion from the bench and took Curry's motion under advisement. The circuit court issued an order on May 9, 2016, granting Curry's motion for summary judgment. The circuit court found CIG/Derrick were not agents of Scottsdale. The court stated that looking at the Release as a whole, the plain language showed it clearly and unambiguously released only Scottsdale and not CIG/Derrick from the action. The court found the intent of the parties was to encompass claims against only Scottsdale. The court noted the Release did not mention CIG/Derrick. The court also found the record contained no evidence CIG/Derrick were agents, servants, or employees of Scottsdale. Specifically, the court noted CIG/Derrick testified no agency relationship whatsoever existed between CIG/Derrick and Scottsdale. Additionally, the court found CIG/Derrick's counsel executed the stipulation of dismissal in December 2015, which stated the dismissal did not affect Curry's case against CIG/Derrick. Finally, the circuit court found unpersuasive CIG/Derrick's argument Curry made a "judicial admission" by alleging in his complaint that CIG/Derrick were agents of Scottsdale. The court stated Curry made a mere allegation in his complaint and CIG/Derrick denied it, repeatedly; thus, no "admission" was made under South Carolina law. The circuit court found CIG/Derrick's argument regarding full payment to be without merit because Curry's claims against Scottsdale were distinct from those pending against CIG/Derrick and could result in an award of different types of damages. The court found the argument was not supported by common law or the South Carolina Contribution Among Tortfeasors Act (the Act), S.C. Code Ann. §§ 15-38-10 to -70 (2005 & Supp. 2018).

On January 31, 2017, Curry filed a motion for relief pursuant to Rule 60(b), SCRCP, requesting the circuit court vacate its grant of CIG/Derrick's motion to amend their answer. CIG/Derrick filed a motion in opposition. The circuit court denied the motion via form order dated August 1, 2017. These appeals followed.

**STANDARD OF REVIEW**

---

[4] The circuit court issued a written order granting the motion to amend on May 24, 2016.

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issues of fact exist, the trial court must view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the party opposing summary judgment." *Pallares v. Seinar*, 407 S.C. 359, 365, 756 S.E.2d 128, 131 (2014). "An appellate court applies the same standard used by the trial court under Rule 56(c) when reviewing the grant of a motion for summary judgment." *Spence v. Wingate*, 395 S.C. 148, 156, 716 S.E.2d 920, 925 (2011). "Because summary judgment is a drastic remedy, it should be cautiously invoked to ensure that a litigant is not improperly deprived of a trial." *Id.*

## LAW/ANALYSIS

### I.    APPEAL OF CIG/DERRICK

#### A. Summary Judgment[5]

#### 1.  CIG/Derrick as Agents

CIG/Derrick argues the circuit court erred in granting Curry's motion for summary judgment as to their affirmative defense of release because Curry asserted they were agents of Scottsdale in three versions of his complaint, which are judicial admissions that are conclusively binding on him; thus, he cannot claim the release of Scottsdale and its agents did not also release CIG/Derrick. Additionally, CIG/Derrick further argues the circuit court erred in looking at CIG/Derrick's answer and testimony to determine the parties' intent when the Release contained no ambiguity.[6]  We disagree.

---

[5] CIG/Derrick raise these as separate issues, but we discuss both issues 1 and 2 in this section.  We also address their issue 2 before their issue 1.

[6] As an initial note, the circuit court also denied CIG/Derrick's motion for summary judgment on their affirmative defense of release.  "[T]he denial of a motion for summary judgment is not appealable, even after final judgment." *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003).

"A release is a contract and contract principles of law should be used to determine what the parties intended." *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 497, 649 S.E.2d 494, 501 (Ct. App. 2007). "The cardinal rule of contract interpretation is to ascertain and give effect to the intention of the parties[,] and[] in determining that intention, the court looks to the language of the contract." *Watson v. Underwood*, 407 S.C. 443, 454-55, 756 S.E.2d 155, 161 (Ct. App. 2014) (quoting *Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 473, 438 S.E.2d 275, 277 (Ct. App. 1993)). "Whe[n] the language of a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect." *Id.* at 455, 756 S.E.2d at 161 (alteration by court) (quoting *Jordan v. Sec. Grp., Inc.*, 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993)). "Generally, 'the construction of contracts is a question of law for the court.'" *Id.* (quoting *Hope Petty Motors of Columbia, Inc. v. Hyatt*, 310 S.C. 171, 175, 425 S.E.2d 786, 789 (Ct. App. 1992)).

"Allegations in a [c]omplaint denied in [an] answer are evidence of nothing." *Griffin v. Van Norman*, 302 S.C. 520, 522, 397 S.E.2d 378, 379 (Ct. App. 1990); *but see Johnson v. Alexander*, 413 S.C. 196, 202, 775 S.E.2d 697, 700 (2015) ("Parties are generally bound by their pleadings and are precluded from advancing arguments or submitting evidence contrary to those assertions."); *Elrod v. All*, 243 S.C. 425, 436, 134 S.E.2d 410, 416 (1964) (noting the general rule is "the parties to an action are judicially concluded and bound by [the pleadings] unless withdrawn, altered[,] or stricken by amendment or otherwise. The allegations, statements[,] or admissions contained in a pleading are conclusive as against the pleader. It follows that a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and the facts [that] are admitted by the pleadings are to be taken as true against the pleader for the purpose of the action. Evidence contradicting such pleadings is inadmissible.").

The court denied CIG/Derrick's motion for summary judgment based on Scottsdale's release and granted Curry's cross-motion for summary judgment based on CIG/Derrick's affirmative defense of release. The circuit court did not err in granting Curry's motion for summary judgment because the language in the Release was unambiguous, the record contained evidence CIG/Derrick were not agents of Scottsdale, and CIG/Derrick's counsel signed the stipulation of dismissal

Therefore, had CIG/Derrick not argued the circuit court erred in granting Respondent's motion for summary judgment, we would not have addressed this issue in any aspect.

stating Curry's case against CIG/Derrick was not affected by the dismissal. Further, the circuit court correctly found Curry made an allegation in his complaint and CIG/Derrick denied it repeatedly; thus, under South Carolina law Curry did not make a judicial admission.

## 2. Release as Full Compensation

CIG/Derrick also argues the circuit court erred in granting Curry's motion for summary judgment as to their affirmative defense of release because the Release on its face operated as full compensation amounting to a satisfaction of Curry's damages. CIG/Derrick argues the Release between Curry and Scottsdale states it is a "full payment for all damages" and that by accepting full payment, Curry received "full compensation amounting to a satisfaction." CIG/Derrick also asserts the amount of funds due under the policy is the only measure of damages against Scottsdale or the agent; thus, Curry suffered no other damages or losses. CIG/Derrick argues because the Release amounted to a full satisfaction of Curry's damages, the Release also applied to CIG/Derrick. We disagree.

Section 15-38-50 of the Act provides:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> > (1) it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater . . . .

S.C. Code Ann. § 15-38-50 (2005).

The Release stated the settlement amount paid by Scottsdale "constitute[d] full payment for all damages, losses[,] or injuries." The circuit court found CIG/Derrick's reliance on *Bartholomew v. McCartha*, 255 S.C. 489, 179 S.E.2d 912 (1971), to be unpersuasive because no evidence was presented Curry received "full compensation amounting to a satisfaction" and moreover Curry testified the

amount he received from Scottsdale did not cover all of his damages. The court also found CIG/Derrick's argument the release was a "full compensation amounting to a satisfaction" under *Ecclesiastes Production Ministries*, 374 S.C. at 494-96, 649 S.E.2d at 499-501, failed because the court defined satisfaction as "the discharge of an obligation by paying a party what is due to him" and CIG/Derrick did not pay any money to Curry.

The circuit court found the Release and the Act did not discharge CIG/Derrick but merely would provide them a means to assert a setoff argument at the postverdict stage of the trial if they were successful in asserting they are joint tortfeasors under the Act. As discussed above, the Release between Scottsdale and Curry did not release CIG/Derrick. The circuit court did not err in finding the Act and *Bartholomew* did not discharge CIG/Derrick because the parties did not intend it to and Curry testified the amount he received from Scottsdale did not cover all his damages but merely provided them a means to assert a setoff argument at the postverdict stage of the trial if they are successful in asserting they are joint tortfeasors under the Act.

## B. Extrinsic Evidence

CIG/Derrick argues the circuit court improperly considered extrinsic evidence in dismissing their defense of release when it found the Release to be unambiguous. Specifically, CIG/Derrick asserts the court should not have considered confidential communications and testimony arising from the mediation and settlement negotiations. We disagree.

"A release is a contract and contract principles of law should be used to determine what the parties intended." *Ecclesiastes Prod. Ministries*, 374 S.C. at 497, 649 S.E.2d at 501. "The cardinal rule of contract interpretation is to ascertain and give effect to the intention of the parties[,] and[] in determining that intention, the court looks to the language of the contract." *Watson*, 407 S.C. at 454-55, 756 S.E.2d at 161 (quoting *Sphere Drake Ins. Co.*, 313 S.C. at 473, 438 S.E.2d at 277). "When construing terms in a contract, a court 'must first look at the language of the contract to determine the intentions of the parties.'" *Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 569, 772 S.E.2d 882, 890 (Ct. App. 2015) (quoting *C.A.N. Enters., Inc. v. S.C. Health & Human Servs. Fin. Comm'n*, 296 S.C. 373, 377, 373 S.E.2d 584, 586 (1988)). "Whe[n] the language of a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect." *Watson*, 407 S.C. at 455, 756 S.E.2d at 161 (alteration by court) (quoting *Jordan*, 311 S.C. at 230, 428 S.E.2d at 707). "If a contract is

unambiguous, extrinsic evidence cannot be used to give the contract a meaning different from that indicated by its plain terms." *Bates v. Lewis*, 311 S.C. 158, 161 n.1, 427 S.E.2d 907, 909 n.1 (Ct. App. 1993). "A contract is ambiguous only when it may fairly and reasonably be understood in more ways than one." *Jordan*, 311 S.C. at 230, 428 S.E.2d at 707. "Resort to construction by a party is only done when the contract is ambiguous or there is doubt as to its intended meaning." *Id.*

"The parol evidence rule prevents the introduction of extrinsic evidence of agreements or understandings contemporaneous with or prior to execution of a written instrument when the extrinsic evidence is to be used to contradict, vary[,] or explain the written instrument." *Bluffton Towne Ctr., LLC*, 412 S.C. at 571, 772 S.E.2d at 891 (alteration by court) (quoting *McGill v. Moore*, 381 S.C. 179, 188, 672 S.E.2d 571, 576 (2009)). "Whe[n] a written instrument is unambiguous, parol evidence is inadmissible to ascertain the true intent and meaning of the parties." *Id.* (quoting *McGill*, 381 S.C. at 188, 672 S.E.2d at 576. "Under the parol evidence rule, the terms of the writing are controlling, even if extrinsic evidence is admitted without objection or admitted over appropriate objection." *Id.*

Initially, Curry asserts this issue is not preserved for our review because CIG/Derrick did not object when the circuit court asked for the affidavits after the denial of their motion and did not file a motion for reconsideration of the court's order. We find this issue is preserved. CIG/Derrick objected when Curry sought to introduce the documents, arguing (1) the documents were only admissible if the language of the release is ambiguous because the documents were outside evidence and (2) the documents were protected by the South Carolina Alternative Dispute Resolution (ADR) Rules because they are detailed as to settlement negotiations and mediation discussions. Accordingly, the issue is preserved.

As to the merits, the circuit court did not err in finding the Release was unambiguous because looking at the Release as a whole, the plain language showed it clearly and unambiguously released only Scottsdale from the action and did not name CIG/Derrick. CIG/Derrick asserts they were released as agents of Scottsdale, but their answers and deposition testimony denied they were agents of Scottsdale; thus, the record contained evidence CIG/Derrick were not agents of Scottsdale. Further, CIG/Derrick's counsel signed the stipulation of dismissal stating Curry's case against CIG/Derrick was not affected by the dismissal. The circuit court's order does not specifically mention it considered the confidential communications and testimony arising from the mediation and settlement negotiations. Accordingly, the circuit court did not err in granting Curry's motion for summary judgment.

## II. CURRY'S APPEAL

### A. Motion to Amend Answer

Curry contends the circuit court abused its discretion in granting CIG/Derrick's motion to amend their answer at trial to assert the affirmative defense of release, arguing the motion lacked factual support and he suffered substantial prejudice as a result of the amendment. He maintains CIG/Derrick stated they had no knowledge of the language in the Release between Scottsdale and Curry until they received a copy on April 8, 2016, and Curry had failed to produce the Release in discovery. However, Curry asserts CIG/Derrick actually received the unsigned Release on November 30, 2015, and thus had notice four months prior to making their motion. We disagree.

Rule 15(a), SCRCP, provides:

> A party may amend his pleading once as a matter of course at any time before or within [thirty] days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial roster, he may so amend it at any time within [thirty] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; . . . leave shall be freely given when justice so requires and does not prejudice any other party.

"The prejudice Rule 15 envisions is a lack of notice that the new issue is going to be tried, and a lack of opportunity to refute it." *Pool v. Pool*, 329 S.C. 324, 328-29, 494 S.E.2d 820, 823 (1998).

"[A] motion to amend is addressed to the sound discretion of the trial judge, and that the party opposing the motion has the burden of establishing prejudice." *Pruitt v. Bowers*, 330 S.C. 483, 489, 499 S.E.2d 250, 253 (Ct. App. 1998). "The trial judge's finding will not be overturned without an abuse of discretion or unless manifest injustice has occurred." *Berry v. McLeod*, 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997).

The circuit court did not err in allowing CIG/Derrick to amend their answer because Curry was not prejudiced by it. Curry knew the contents of the Release, and the court allowed him time to brief and argue the issue of release. Accordingly, we affirm the circuit court's grant of the motion.[7]

### B. Rule 60(b) Denial

Curry also argues the circuit court erred in denying his motion for relief pursuant to Rule 60(b), SCRCP. Curry argues CIG/Derrick never informed the court it received a copy of the Release on November 30, 2015, more than four months before trial. Therefore, he asserts the circuit court's order is based on factual conclusions without evidentiary support and should be reversed. We disagree.

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > **(1)** mistake, inadvertence, surprise, or excusable neglect;
> > **(2)** newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, SCRCP];
> > **(3)** fraud, misrepresentation, or other misconduct of an adverse party;
> > **(4)** the judgment is void;
> > **(5)** the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it

---

[7] Curry asserts that if we find the circuit court abused its discretion in granting CIG/Derrick's motion to amend their answer, CIG/Derrick's appeal from the grant of Curry's motion for summary judgment would be moot. *See Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("This [c]ourt will not pass on moot and academic questions or make an adjudication whe[n] there remains no actual controversy."). Based on our decision to affirm the circuit court's grant of the motion to amend, we do not need to address this contention. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

is no longer equitable that the judgment should
have prospective application.

Rule 60(b), SCRCP.

"Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge." *BB&T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006). The appellate "standard of review, therefore, is limited to determining whether there was an abuse of discretion. An abuse of discretion arises whe[n] the judge issuing the order was controlled by an error of law or whe[n] the order is based on factual conclusions that are without evidentiary support." *Id.* at 551, 633 S.E.2d at 502-03.

"Pursuant to Rule 60(b)(2), SCRCP, a court may order relief from judgment based on newly discovered evidence 'which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).'" *Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 21, 594 S.E.2d 478, 484 (2004). "Likewise, 'a party may not prevail on a Rule 60(b)(3) motion on the basis of fraud whe[n] he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct.'" *Id.* (quoting *Ojeda-Toro v. Rivera-Mendez*, 853 F.2d 25, 29 (1st Cir. 1988)); *see also Bowman v. Bowman*, 357 S.C. 146, 152, 591 S.E.2d 654, 657 (Ct. App. 2004) (holding when a party could have discovered the new evidence prior to trial, the party is not entitled to relief under Rule 60(b)(2) or (3)).

Curry based his Rule 60(b) motion on the premise that CIG/Derrick was disingenuous when they represented to the circuit court they had first received a copy of the Release between Scottsdale and Curry on April 8, 2016, because they had previously received an unexecuted version of the release on November 30, 2015. He asserts that the circuit court should have granted his Rule 60(b) motion because of this representation. The circuit court did not err in denying Curry's Rule 60(b) motion because he has not shown any of the grounds for relief provided by the rule were present. Accordingly, the circuit court did not err in denying Curry's motion for relief.

**CONCLUSION**

The circuit court's grant of summary judgment to Curry, the grant of CIG/Derrick's motion to amend, and the denial of Curry's motion for relief pursuant to Rule 60(b), SCRCP, are

**AFFIRMED.**

**HUFF and THOMAS, JJ., concur.**